# St. Louis, Vandalia and Terre Haute R. R. Co.

## *v.*

## Robert Bell.

Negligence—*in construction and care of turn-table.* Where a turn-table, not covered with plank or walled except where the rails of the switch intersected, was constructed, not near to any public street, or place where the public were in the habit of passing, but in an isolated place, and a boy about nine years old, while he and others were turning and riding upon it, was seriously hurt, it also appearing it was latched, but not locked, it was *held*, in an action by the boy to recover for the injury, that, in view of the isolated position of the table, the railway company was not guilty of such negligence as to render it liable.

Appeal from the Circuit Court of Madison county; the Hon. William H. Snyder, Judge, presiding.

Messrs. Bowman & Halbert, for the appellant.

Mr. J. H. Yager, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

Robert Bell, a lad some nine years old, in company with other lads, wandered on a pleasant Sunday into the suburbs of the village of Highland, and there found other and larger boys, and embarked in the sport of turning and riding round upon a turn-table of the appellant, and, while so engaged, Robert Bell was seriously hurt.

This was an action brought to recover damages for that injury, upon the ground of negligence, or want of proper care on the part of the railroad company.

The structure was a skeleton turn-table, not covered with plank, and not protected by a wall except where the rails of the switch intersected it. The turn-table was not near any public street, nor in the place where the public were in the habit of passing. It was fastened with a latch, which prevented it from being turned by accident, but it was not locked, so as to render it impracticable for boys to open or withdraw the latch and move the table

The testimony is voluminous, and in some respects discordant, but there is no ground for serious dispute about the main facts. A verdict was rendered for plaintiff. A motion for a new trial was refused, and defendant excepted.

After a careful examination of the testimony, this court is of opinion that, in view of the isolated position in which the turn-table was located, the proofs fail to show that appellant was guilty of such want of care as could lawfully charge it with damages for this accident.

The judgment must be reversed.

*Judgment reversed.*