(December 22, 1900.)

## THOMAS v. POCATELLO POWER AND IRRIGATION COMPANY.

[63 Pac. 595.]

NEGLIGENCE IN MAINTAINING FOOTBRIDGE.—When an action is brought to recover damages for the negligent and careless construction and maintenance of a footbridge, and the evidence wholly fails to establish the allegations of the complaint in that regard, the judgment for plaintiff must be reversed.

EVIDENCE.—When there is no substantial conflict in the evidence, and the verdict of the jury is contrary to such evidence, a judgment based upon said verdict will be reversed upon appeal.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

Dietrich, Chalmers & Stevens, for Appellant.

We contend that in the light of both principle and the overwhelming weight of authority, the record shows no negligence on the part of the defendant. That, therefore, the verdict of

the jury is not supported by the evidence. (*Robinson v. O. S. L. Ry. Co.,* 7 Utah, 493, 27 Pac. 689; *George v. Los Angeles Ry. Co.,* 126 Cal. 357, 77 Am. St. Rep. 184, 58 Pac. 819; *A. T. & S. F. Co. v. Potter,* 60 Kan. 808, 72 Am. Rep. 385, 58 Pac. 471; *Omaha v. Bowman,* 52 Neb. 293, 66 Am. St. Rep. 506, 72 N. W. 316, 40 L. R. A. 531; *Ritz v. Wheeling,* 45 W. Va. 262, 31 S. E. 993, 43 L. R. A. 148; *Dobbins v. Missouri etc. R. R. Co.,* 91 Tex. 60, 66 Am. St. Rep. 856, 41 S. W. 62, 38 L. R. A. 573.) *Cooper v. Overton,* 102 Tenn. 211, 73 Am. St. Rep. 864, 52 S. W. 183, 45 L. R. A. 591, involves the drowning of a child ten years old, and is a very exhaustive review of the authorities. (*Holt v. Spokane R. R. Co.,* 3 Idaho, 703, 35 Pac. 39, 4 Idaho, 443, 40 Pac. 56; *Overholt v. Vieths,* 93 Mo. 422, 3 Am. St. Rep. 557, 6 S. W. 74; *Hargreaves v. Deacon,* 25 Mich. 1; *Richards v. Connell,* 45 Neb. 467, 63 N. W. 915; *Gillespie v. McGowan,* 100 Pa. St. 144, 45 Am. Rep. 365.)

Winters & Guheen, for Respondent.

As the evidence shows persons passing over the bridge could not be regarded as trespassers, certainly children playing there from day to day, to the knowledge of the defendant, could not be regarded as such trespassers as would prevent a recovery. (*Price v. Atchinson Water Co.,* 58 Kan. 551, 50 Pac. 450, 62 Am. St. Rep. 625; *Union Pacific Ry. Co. v. McDonald,* 152 U. S. 262, 14 Sup. Ct. Rep. 619; *Kinchlow v. Midland Elevator Co.,* 57 Kan. 374, 46 Pac. 703; *Bennett v. Railroad Co.,* 102 U. S. 577; *Holt v. Spokane etc. Ry. Co.,* 3 Idaho, 703, 35 Pac. 39; *Consolidated City etc. P. Ry. Co. v. Carlson,* 48 Pac. 635; *Branson v. Lobrot,* 81 Ky. 638, 50 Am. Rep. 193; *Pekin v. McMahon,* 154 Ill. 141, 45 Am. St. Rep. 114, 39 N. E. 484; *Birge v. Gardner,* 19 Conn. 507, 50 Am. Dec. 261; *Earl v. Cronck,* 131 N. Y. 613, 30 N. E. 864, affirming S. C., 61 Hun, 624, 16 N. Y. Supp. 770; *Mackey v. Vicksburg,* 64 Miss. 777, 2 South. 178; *Hydraulic Works Co. v. Orr,* 83 Pa. St. 332; *Keefe v. Railroad Co.,* 21 Minn. 207, 18 Am. Rep. 393; *Spokane etc. Ry. Co. v. Holt,* 4 Idaho, 443, 40 Pac. 56; *Sioux City R. R. Co. v. Stout,* 17 Wall. 657; *Brinkley Mfg. Co. v. Cooper,*

60 Ark. 545, 46 Am. St. Rep. 216, 31 S. W. 154.)   The rule is
that the defendant is required to allege contributory negligence
on the part of the plaintiff, and prove it by a preponderance of
the evidence and the burden was not upon the plaintiff to
disprove such contributory negligence.   No such plea was inter-
posed in this case.   (*Harrington v. Eureka Hill Min. Co.*,
17 Utah, 300, 53 Pac. 737; *Hough v. Railway Co.*, 100 U. S.
213; *Railroad Co. v. Horst*, 93 U. S. 291; Shearman and Red-
field on Negligence, sec. 109; Beach on Contributory Negli-
gence, sec. 426, and the many cases cited.)

SULLIVAN, J.—This is an action brought by the respond-
ent to recover for the death of his minor son, alleged to have
been drowned in the canal of appellant by reason of its careless-
ness and negligence in constructing and maintaining a walk
across said canal.   The cause was tried before a jury, and a
verdict was rendered in favor of the respondent for the sum
of $1,975, and judgment entered for that amount.   A motion
for a new trial was denied.   This appeal is from the judgment
and order denying a new trial.   It is shown that the appellant
constructed a foot bridge in question for its own use and con-
venience.   It was not intended for public use, but for the ex-
clusive use of appellant.   The bridge was constructed in a
manner suited to the purpose for which it was intended.
There was no secret mechanism connected with it.   Nothing
about it was loose or changeable.   It was built on the upper
side of one of appellant's headgates in said canal.   Between
the bridge and headgate was a space nine and one-quarter
inches in width, left there for the purpose of breaking the ice
away that gathered there.   The floor of the bridge was com-
posed of three planks laid lengthwise across said canal, and
made a solid floor three feet and eight inches wide.   It had
been in that condition for about four years.   It appears from
the record that the deceased was a boy about nine years of age,
and that he and a playmate by the name of John Pierpont were
playing about an old shack situated about seventy-five feet
from the bridge in question.   The boy Pierpont testified that
he and the deceased were sitting in the door of the shack eat-

ing cookies, and the deceased ran from him, stumbled, and fell through the crack between the headgate and the bridge, into the water; that his foot struck a board in the middle of the bridge. Witness tried to help him out, but the deceased went under the headgate, and was drowned. It is agreed that the place against which deceased struck his foot is a cleat on the framework of the headgate, about two inches thick, and six or eight inches wide, and not a board in the middle of the bridge, as testified to by the boy Pierpont; that it is a part of the framework of defendant's headgate; and that deceased fell through into the water at the point noted on a plat introduced in evidence marked exhibit "A." It is shown that the bridge was not unsafe or dangerous even for children to pass over. If the deceased had been crossing said bridge in the ordinary way, he would not have fallen off the same. The evidence tends, at least, to show that deceased ran carelessly and rapidly upon said bridge at an angle, and struck his foot against said cleat that was nailed to the framework of the headgate, stumbled, and fell through the nine and a quarter-inch opening between the bridge and the headgate. Had he gone upon the bridge in the usual way, it is very evident that the sad accident would not have happened. He was an unusually bright lad, over nine years of age. He had lived with his parents, within two and a half blocks of said bridge, for seven or eight years. It is shown that those who resided near the bridge frequently crossed it, and saw children playing about and upon it, and never warned them to stay away, or cautioned them to be careful. The father of the deceased did not consider the bridge dangerous, as he was raising a family of small children near it, and neither warned his children that it was dangerous for them to play there, or suggested to the appellant's officers that he considered said bridge dangerous, or that any alteration be made therein. This action was brought and tried upon the theory that appellant knew, or should have known that said bridge was dangerous. The appellant was charged with knowingly maintaining a dangerous bridge. The record contains no evidence that shows, or even tends to show, that said bridge was dangerous. It consisted of a solid

plank floor, three feet eight inches wide, with a handrail on one side; and deceased fell therefrom because of his own carelessness, he having carelessly ran upon said bridge at an angle, and struck his foot against a cleat two inches thick, nailed to the headgate, and which was about four and one-half feet from the handrail on said bridge. The evidence fails to show any negligence or carelessness on the part of the appellant, either in the construction or maintenance of said bridge, and for that reason the judgment must be set aside. The evidence shows that the said bridge was constructed in a substantial, workmanlike manner, and well adapted to the purpose for which it was constructed, and that it was safe for all to pass over who desired to do so. And it is also shown that the death of the deceased occurred through his own carelessness or recklessness in running upon said bridge at an angle, and striking his foot against a cleat on the headgate. There is no substantial conflict in the evidence, but the verdict is contrary to it. The judgment is reversed and the cause remanded, with instructions to enter judgment dismissing this action. Costs of this appeal are awarded to the appellant.

Huston, C. J., and Quarles, J., concur.