(June 27, 1902.)

# YORK v. PACIFIC & NORTHERN RAILWAY COMPANY.
### [69 Pac. 1042.]

NONSUIT.—A motion for a nonsuit should not be granted when there is any evidence to sustain the allegations of the complaint.

CONFLICTING EVIDENCE—VERDICT OF JURY.—Where there is a substantial conflict in the evidence, the verdict of the jury will not be disturbed.

DAMAGES.—Where it is shown that the death of a child is caused by negligence of the defendant, and the jury find a verdict for the sum of $2,000, *held,* not to be excessive damages.

(Syllabus by the court.)

APPEAL from District Court, Washington County.

J. H. Richards and N. M. Ruick, for Appellant.

Facts are fully stated in the opinion. The first question under the testimony, is, Does this table, constructed as is shown by the testimony and situate as shown, constitute such an attractive, alluring and dangerous instrument as renders the owner liable to trespassers for any injury they may receive from playing with such instrument? (*McEachern v. Boston etc. R. Co.,* 150 Mass. 515, 23 N. E. 231; *Curley v. Missouri*

*Pac. R. R.,* 98 Mo. 13; *Chicago etc. R. R. v. McLaughlin,* 44 Ill.
215; *Pennsylvania R. R. v. Lewis,* 79 Pa. St. 33; *Hestonville
etc. R. R. v. Connell,* 88 Pa. St. 522, 32 Am. Rep. 472; *Nolan v.
New York etc. R. R.,* 53 Conn. 461, 4 Atl. 106; *St. Louis etc.
R. R. v. Bell,* 81 Ill. 76, 25 Am. Rep. 269.)    As to the question
of the negligence and imprudence of respondent: This is an
action brought by the father of the deceased, and the rule is
well established in this country, that where the action is brought
by the parent to recover damages for the death of his minor
child, his contributory negligence will defeat a recovery.    (*At-
lanta etc. R. R. Co. v. Gravitt,* 93 Ga. 369, 44 Am. St. Rep. 145,
20 S. E. 550, 26 L. R. A. 557; *Souix City etc. R. Co. v. Stout,*
17 Wall. 657, 21 L. ed. 745, 43 L. R. A. 148; *Ritz v. City of
Wheeling,* 45 W. Va. 262, 31 S. E. 993; *Gillispie v. McGowan,*
100 Pa. St. 144, 45 Am. Rep. 365; *Nolan v. New York etc. R.
Co., supra; Walsh v. Fitchburg R. Co.,* 145 N. Y. 301, 45
Am. St. Rep. 615, 39 N. E. 1068, 27 L. R. A. 725; *Daniels
v. New York etc. R. Co.,* 154 Mass. 349, 26 Am. St. Rep.
253, 28 N. E. 283, 13 L. R. A. 248; *Frost v. Eastern R.
Co.,* 64 N. H. 220, 10 Am. St. Rep. 396, 9 Atl. 790; *Missouri
etc. Ry. Co. v. Edwards,* 90 Tex. 65, 36 S. W. 430, 32 L. R. A.
825.)    "The verdict as to the amount of damages given is not
sustained by the evidence."    This is a sufficient specification
where excessive damages are relied upon as one of the grounds
of error.    (*Dybruntz v. Jessup,* 54 Cal. 118.)    In an action of
this character, the damages recoverable could only include the
probable value of the services of the deceased from the time of
his death until he had attained his majority, considering the
cost of his support and maintenance during the early and help-
less part of his life.    This would be the limit of possible recov-
ery.    (*Morgan v. Southern Pac. Co.,* 95 Cal. 501, 30 Pac. 603;
*Mayhew v. Burns,* 103 Ind. 328, 2 N. E. 797; Tiffany on Death
by Wrongful Act, sec. 164, note 57.)    Every party to an action
at law has a right to insist upon a verdict or finding based upon
the law and evidence in the case, and not, in the absence of the
evidence, upon mere inference, conjecture or personal ex-
perience.    (*Spokane etc. Ry. Co. v. Holt,* 4 Idaho, 443, 40

Pac. 57; *Sherman v. Lumber Co.,* 77 Wis. 14, 45 N. W. 1082; *Pauley v. Steam Gauge etc. Co.,* 131 N. Y. 90, 29 N. E. 999, 15 L. R. A. 198; *Gano v. Prindle,* 6 Kan. App. 851, 50 Pac. 110; *Ralston v. Plowman,* 1 Idaho, 596; *Fox v. Oakland Consol. St. Ry.,* 118 Cal. 55, 62 Am. St. Rep. 216, 50 Pac. 28; *Rajnowski v. Detroit etc. Co.,* 74 Mich. 15, 41 N. W. 849.) Some testimony should have been offered as a basis for the verdict. (*Carpenter v. Buffalo etc. R. Co.,* 38 Hun, 116; *Hutchins v. St. Paul etc. Ry. Co.,* 44 Minn. 5, 46 N. W. 79; *Gunderson v. Northwestern etc. Co.,* 47 Minn. 161, 49 N. W. 694; *Diebold v. Sharpe,* 19 Ind. App. 474, 49 N. E. 839; *Burk v. Arcata etc. R. R. Co.,* 125 Cal. 364, 73 Am. St. Rep. 32, 57 Pac. 1065; *Denver etc. R. Co. v. Spencer,* 27 Colo. 313, 61 Pac. 609; *Missouri etc. Ry. Co. v. Moffat,* 60 Kan. 113, 72 Am. St. Rep. 343, 55 Pac. 840; *St. Louis etc. R. Co. v. Blurn,* 10 Kan. App. 468, 62 Pac. 428; *Atchison etc. Ry. Co. v. Ryan,* 62 Kan. 682, 64 Pac. 605; *Cherokee etc. Co. v. Limb,* 47 Kan. 469, 28 Pac. 182; *Hurst v. Detroit City Ry.,* 84 Mich. 539, 48 N. W. 45; *Cooper v. Lake Shore etc. Ry. Co.,* 66 Mich. 261, 11 Am. St. Rep. 482, 33 N. W. 313; *Hall v. Galveston etc. Ry. Co.,* 39 Fed. 21; *Serensen v. Northern etc. Ry. Co.,* 45 Fed. 407.)

Rhea & Lovejoy, for Respondent.

We insist that counsel for appellant are as wide of the mark in the citation of authorities in support of their contention, as we believe they are not in point, and we are sure that they are questionable, if not against the clear weight of authority. They concern the admission of collateral facts, and all seem to be to the effect that evidence of former similar accidents at the same place is inadmissible. But a contrary doctrine is maintained by a long list of authorities, and among them the following: *District of Columbia v. Ames,* 107 U. S. 519, 2 Sup. Ct. Rep. 840, 27 L. ed. 618; *Quinlan v. City of Utica,* 11 Hun, 217, 74 N. Y. 603; *City of Chicago v. Powers,* 42 Ill. 168; *Augusta v. Hafers,* 61 Ga. 48, 34 Am. Rep. 95; *House v. Metcalf,* 27 Conn. 630; *Calkins v. Hartford* 33 Conn. 57, 87 Am. Dec. 194; *Jones on Evidence,* secs. 163, 164; *Darling v. Westmoreland,* 52 N. H. 401, 13 Am. Rep. 55; *Hill v. Portland etc.*

*Co.,* 55 Mo. 439; *Kent v. Lincoln,* 32 Vt. 591, 10 L. ed. 590; *City of Delphi v. Lowery,* 74 Ind. 520, 39 Am. Rep. 98. The next contention of counsel for appellant is that the court erred in overruling its motion for a judgment of nonsuit against the plaintiff. (*Ayers v. Hartford Fire Ins. Co.,* 17 Iowa, 176, 85 Am. Dec. 553; *Jennings v. First Nat. Bank,* 13 Colo. 417, 16 Am. St. Rep. 210, 22 Pac. 777; *Alpers v. Hunt,* 86 Cal. 78, 21 Am. St. Rep. 17, 24 Pac. 846; *Kelly v. Bennett,* 132 Pa. St. 218, 19 Am. St. Rep. 594, 9 Atl. 69; *Mobly v. Bruner,* 59 Pa. St. 481, 98 Am. Dec. 360; *Borough v. Neff,* 102 Pa. St. 476, 48 Am. Rep. 213; *United States Telegraph Co. v. Wenger,* 55 Pa. St. 262, 93 Am. Dec. 751; *Bradley v. Poole,* 98 Mass. 169, 93 Am. Dec. 144.) "When evidence tends to establish a prima facie case, it is error to enter a judgment of nonsuit." (*Corbalis v. Township,* 132 Pa. St. 9, 19 Am. St. Rep. 588, 19 Atl. 44; *Maynes v. Atwater,* 88 Pa. St. 496; *Felton v. Millard,* 81 Cal. 540, 21 Pac. 533, 22 Pac. 750; *Zilmer v Gerichten,* 111 Cal. 73, 43 Pac. 408.) "Proof of contributory negligence must be clear and decisive to warrant a nonsuit, or an absolute direction to the jury on that ground." (*Thoresen v. La Crosse City R. Co.,* 87 Wis. 597, 41 Am. St. Rep. 64, 58 N. W. 1051.) "Appellant's next complaint is excessive damages in the particular that the verdict as to the amount of damages given is not sustained by the evidence." In the case of the death of a child it is not necessary to prove damages. (Idaho Rev. Stats., sec. 4100; *Ihl v. Forty-second St. Ry. Co.,* 47 N. Y. 317, 7 Am. Rep. 450; *Durkee v. Central Pac. R. R. Co.,* 56 Cal. 388, 38 Am. Rep. 59.) It is not indispensable that there should be proof of actual services of pecuniary value, nor that any witnesses should express opinions as to the value of such services. (Deering on Negligence, sec. 422; *Chicago v. Scholten,* 75 Ill. 468.) The verdict should not be disturbed on the ground of "excessive damages," unless the amount is so large as to indicate passion or prejudice. (Deering on Negligence, sec. 424.) The next contention of appellant is "insufficiency of the evidence to justify the verdict." That is the only proposition presented to the trial court for consideration under this statutory cause for a new trial, and is the only

one that could be considered or reviewed by this court, as shown by the case of *Fleming v. Fleming,* 33 S. C. 505, 26 Am. St. Rep. 694, 12 S. E. 257. (*Gulick v. Webb,* 41 Neb. 706, 43 Am. St. Rep. 720, 60 N. W. 13.)

STOCKSLAGER, J.—This is an appeal from an order overruling a motion for a new trial and from the judgment. The complaint alleges that defendant is a corporation existing under the laws of Idaho; that on the thirteenth day of May, 1900, defendant owned and operated a railroad and equipments, including .tracks, depots, turntable, etc., between the city of Weiser and town of Cambridge, all in said county of Washington, state of Idaho; that among the equipments of said railroad so owned and operated by defendant was a turntable, theretofore, to wit, prior to May 30, 1900, unlawfully, carelessly, and negligently constructed and placed by said defendant in a public and much-frequented place by men and women and children in the said town of Cambridge, and there suffered to remain by defendant, so carelessly, unlawfully, and negligently constructed and so owned and operated by it, said defendant, as to make the same a dangerous machine to all persons, but more especially children frequenting said place; that said turntable, when constructed in the manner aforesaid, was, and on said thirteenth day of May, 1900, remained and was a large, oblong frame, mostly iron, forty-nine and one-half feet in length by thirteen and one-half feet in width, rounded slightly at the ends so as to permit it to revolve past the respective ends of the main track, with an iron railroad track upon its top for locomotives to rest upon while being turned around, and revolving upon a central pivot by means of hand levers at the ends, the frame part planked on the cross-ties on the ends and sides for walking or sitting upon, and the whole resting in a pit or round hole in the ground, and the ends of the stationary railroad track at the place of approach at each end of said turntable square, while the ends of the turntable were slightly rounded as aforesaid to permit the revolving of same, leaving a space between the revolving ends and the said stationary ends of seven and one-half inches at the four rounded corners, and

two and one-half inches where the tracks came together in place, and said turntable thus constructed, owned, and operated by defendant became and was at all times hereinbefore stated an attractive, alluring, and very dangerous object and machine for all persons, and especially children of tender years, to play with and ride upon, as a merry-go-round, and in any manner; that defendant well knew, through its officers, agents, and employees, at all times when it so constructed, owned, and operated and maintained said turntable, that a child sitting upon either corner end of said planks upon said turntable, with its feet and legs hanging downward, and said turntable being turned, its legs could not pass between the ends of said turntable and the main stationary track at such ends without crushing its legs, and defendant, notwithstanding such knowledge, by and through its said officers, agents, and employees, did wrongfully, unlawfully, carelessly, and negligently so construct, own, operate, and maintain said turntable in a public place in said town of Cambridge in the manner aforesaid without warning signs, danger signs, and without fence, shield, or protection about said turntable, and without lock, and without any fastening whatever to prevent the same from being turned by children or others, except a rude wooden slot and wedge easily movable and unwedged by a child of tender years; that plaintiff on said thirteenth day of May, 1900, was a married man and the head of a family, and as such the father of an infant male child four years old, living at plaintiff's home in said county, named Joseph William York, now deceased, and who prior to said date had been and was a strong, healthy child, bright and smart in all ways, and a comfort to plaintiff, and capable of earning for plaintiff before its age of maturity large sums of money with physical and mental labors and energies, and thus adding much to the wealth, welfare, comfort, and happiness of plaintiff; that on said thirteenth day of May, 1900, without any fault or negligence on the part of plaintiff, and without knowledge on his part of the dangerous construction and character of said turntable, said infant child was carelessly, unlawfully, negligently, and wantonly permitted by defendant, its officers,

agents, and employees, to go upon said turntable, and there sit upon the corner of one of said end planks, with its feet and legs hanging down while said turntable was carelessly, negligently, unlawfully, and wantonly permitted and allowed by defendant, its said officers, agents, and employees, to be turned, and there so permitted to remain until both of its legs were crushed by the close jam of said turntable, and from which said crushing said child soon thereafter, and on said thirteenth day of May, 1900, died, and plaintiff thereby became and was deprived of the services of said child during its minority, and the comfort, support, and happiness of its society, to his damage in the sum of $5,000. Then follows prayer for judgment. Complaint verified. The answer "denies each and every allegation in said complaint contained."

Upon these issues a trial was had, and the jury returned a verdict in favor of the plaintiff for the sum of $2,000. A statement of the case was settled by the court, and thereafter, and on the seventh day of January, 1902, the motion for a new trial was overruled, and an appeal from said order taken to this court.

There are four assignments of error. The first is:

"1. Excessive damages, appearing to have been given under the influence of passion or prejudice, and in particular as follows: 1. That the verdict, as to the amount of damages given, is not sustained by the evidence.

"2. Insufficiency of the evidence to justify the verdict, and in particular as follows: First. The evidence shows that the child killed was less than five years of age, and there is no evidence showing the probable life of such child, or condition of the parents of such child, as to whether such parents were likely to become in any manner dependent upon such child for support, or what were the conditions of the parents or child as to the probable earning capacity of said child.

"3. That such verdict is against the law, and in particular as follows: First. That the evidence in no wise shows that the defendant in any manner failed to construct or maintain the turntable in question in a manner or in a location that ren-

dered the same dangerous, or that it failed to keep said turn-table fastened as such turntables should be fastened to render it reasonably safe. Second. That such evidence shows that the turntable in question was, immediately prior to the accident alleged, fastened in such manner as to render the same safe and as such turntables are usually fastened. Third. That the evidence shows that the child sustaining the injury alleged was less than five years of age, and was taken by the plaintiff and the mother of such child near such turntable, and permitted to play upon such turntable with other children, with the full knowledge of plaintiff and the mother of such child, and without anyone to look after or guard such infant from danger; and the evidence further shows that both the plaintiff and the mother of such child knew that said turntable was a dangerous thing, when unfastened, for little children to play with; and the evidence further shows that said plaintiff and the mother of such child knew that said turntable was unfastened while such child was playing there; and the evidence fails to show that the defendant has any knowledge that such children were playing with such turntable, or that such turntable was unfastened at or about the time of said alleged injury.

"4. Errors of law occurring at the trial, and excepted to by defendant, and in particular as follows: First. The court erred in admitting in evidence, and over the objection of defendant, the testimony of H. M. St. Cyr as to whether or not, prior to the time of the alleged accident, he had seen any men, women, or children playing on that turntable. Second. The court erred in admitting in evidence, and over the objection of defendant, the testimony of Charles A. Colson as to whether he had ever seen any ladies on the turntable in question at any other time than the day of the alleged accident. Third. The court erred in refusing to admit the evidence of —— Briggs as to the kind of fastening the turntable in Boise had to keep it from turning when an engine goes on or off, and to which refusal counsel for defendant excepted. Fourth. The court erred in overruling the motion of defendant to enter a judgment of non-suit against the plaintiff. Fifth. The court erred in refusing

the instructions to the jury requested by the defendant and refused by the court."

We will consider the errors assigned as urged by counsel for appellant in their brief. The first is that the court erred in the admission of the testimony of witness St. Cyr at folios 48 to 53. This testimony relates to the fact that prior to the time of the accident to the deceased child witness had some ladies on the turntable, and it was being revolved by young men, using it as a merry-go-round. This was on Sunday, a week prior to the day of the accident. There were no inclosures or signs about the table at that time. Was familiar with the trail leading from road from Salubria across the railroad track. The turntable pit as it was constructed cut the path in two, and it was necessary to go around it. This evidence was introduced, as shown by the record, to show that the turntable was in a public place frequented by people residing in that community, and that there were no danger signs or anything to warn the people of danger. We see no error in this ruling of the court for the purposes for which it was admitted. The court said: "If it was to show that it was frequented by people for amusement, and by reason of that fact was enticing to children, it was proper for that purpose." It is true that defendant was engaged in a lawful business, as urged by counsel for appellant, but that does not relieve it of the duty it owes to the public to use all reasonable means to protect the people from injury. This obligation rests on all alike, corporations as well as individuals.

The next contention is that deceased was a trespasser upon the property of appellant at the time of the injury complained of. It is not shown that there was any reason for anyone to think that it was a trespass to go upon this turntable any more than to walk upon the track of appellant. It is shown that there were no obstructions to anyone going upon the turntable, and that there were no signs warning people of danger. It is also shown that people were in the habit of going upon the turntable and using it as a merry-go-round, and that it was an attractive place for children.

The next contention is that there was no attempt on the part of respondent to show that appellant had any knowledge that any person had ever trespassed upon such property or played upon such table at any time. It is clearly the duty of appellant or any other corporation or individual to protect life and property in all reasonable ways, and under this rule was it not the duty of appellant to so construct its turntable as to protect even trespassers (if one entering thereupon was a trespasser) from injury, and is this not especially true when it is shown that the turntable was located in a community thickly populated? We think it was. It is true that the evidence is conflicting as to the manner of construction of the turntable, but the jury passed upon that question as well as all the questions of fact submitted to them, and we do not feel authorized to disturb their findings.

The next assignment of error to which our attention is called by appellant is that "the court erred in overruling the motion of defendant to enter a judgment of nonsuit against plantiff." This motion was presented to the trial court, and by it overruled. Thereafter the defendant introduced a number of witnesses, and hence did not stand upon the motion and order of the court overruling it. The question arises, when the appellant refused to stand on the order of the court overruling the motion for a nonsuit, and thereafter introduced evidence in the case, is not all the evidence in the case before us for review? To say the least, under the rule laid down that, where there is any legal or competent evidence to support a verdict, a motion for nonsuit should be overruled, we think the rule should prevail in this case. Our attention is called to *Railroad Co. v. Holt,* 40 Pac. 56, a decision of this court. The syllabus says: Where damage is claimed for death of a minor child by reason of the negligence and carelessness of defendant, it must affirmatively appear from the evidence that the accident resulted from the negligence and carelessness of the defendant, and that the imprudence or negligence of the plaintiff did not contribute to the result. This is undoubtedly the correct rule. In that case a child was drowned in a well "on the private grounds of defendant, and remote from any street or sidewalk, and at the

time of the accident the child was not traveling on any public street or sidewalk, but was on the private land of defendant, without the knowledge, invitation, or consent of defendant. Nor is it shown that the defendant had any machinery or other improvements upon said lot whatever that would attract children there." It was also shown that the well had been frequently covered with planks and cordwood, and the danger thus obviated, but removed by campers, etc. Our attention is next called to *McEachren v. Railroad Co.* (Mass.), 23 N. E. 231. In this case it was alleged that defendant left a freight-car standing on a sidetrack, and left the door, which it knew was not properly attached to the car, to remain open and unlocked, knowing that it would be an enticing object to children, and that a boy eleven years old passing by saw the door open, and looked in, and in so doing carefully touched the door, which fell upon him, and it was held to state no cause of action. This car was only temporarily upon the sidetrack, likely to be removed at any time, and we do not think the rule there enunciated applicable to this case. In *Curley v. Railroad Co.*, 98 Mo. 13, 10 S. W. 593, a boy ten years old, with others, entered an empty box-car, standing upon a railroad track, which was being made up into a train, and was pushed off by one of his companions after the train was in motion, the trainmen having no knowledge of their presence, and it was held he cannot recover. We cannot see where this case applies to the case at bar. Counsel cite *Railroad v. McLaughlin*, 44 Ill. 215. We find no such case reported in that volume. In *Nolan v. Railroad Co.*, 53 Conn. 461, 4 Atl. 106, it is held that the question of negligence is a mixed one of law and fact; that a railroad should always be diligent to prevent accidents, but owes no duty as such to run its trains so as to prevent accidents to persons unnecessarily and unlawfully on its tracks. The fact that a child is but seven years of age does not create a duty toward him on the part of the company that would not otherwise have existed. The care which plaintiff must have exercised to be free from the imputation of contributory negligence is reasonable care, which is that degree of care which may reasonably be expected from a person in his situation. *Railroad Co. v. Bell*, 81 Ill. 76, 25 Am. Rep. 269,

holds that where a turntable not covered with planks or walled, except where the rails of the switch intersected, was constructed, not near to any public street or place where the public were in the habit of passing, but in an isolated place, and a boy was seriously injured while he, with others, was turning and riding upon it, it also appearing it was latched, but not locked, that, in view of the isolated position of the table, the railway company was not guilty of such negligence as to render it liable. (See *Boland v. Railroad Co.,* 36 Mo. 484; *Bransom's Admr. v. Labrot,* 81 Ky. 638, 50 Am. Rep. 193; *Powers v. Harlow,* 53 Mich. 507, 51 Am. Rep. 154, 19 N. W. 257; *Meeks v. Railroad Co.,* 56 Cal. 513, 38 Am. Rep. 67; *Railroad Co. v. Fitzsimmons,* 22 Kan. 686, 31 Am. Rep. 203; *Keffe v. Railway Co.,* 21 Minn. 207, 18 Am. Rep. 393; *Railroad Co. v. Stout,* 17 Wall. 657, 21 L. ed. 745; *Barrett v. Southern Pac. Co.,* 91 Cal. 296, 25 Am. St. Rep. 186, 27 Pac. 666; *Railway Co. v. Bailey,* 11 Neb. 332, 9 N. W. 50.)

The next question urged by appellant is that respondent was negligent and imprudent, and thereby contributed to the accident complained of, and that it affirmatively appears from the testimony of respondent that such negligence and imprudence bars a recovery, and hence the motion for nonsuit should have been sustained. A review of the evidence discloses that the turntable was constructed near the village of Salubria; that tents were close by, in which people lived; it was close to the public highway, and near the ball ground; that there were no danger signs or warnings to "keep off"; that people were in the habit of using it; that it was fastened with a slot or piece of board two by four inches, two feet long, and that it was dangerous, as shown by the testimony of witness St. Cyr; that respondent went there on the day of the accident with his wife and the deceased; that after remaining in the wagon awhile he got out, and engaged in the game of ball, leaving his wife and the deceased in the wagon; that the child got out of the wagon, got upon the turntable, and received the injury which caused its death. The father and mother saw other people upon the turntable at the time or just

before the injury. Did they contribute to the injury by their carelessness or negligence under such circumstances, and was it a question of fact for the jury to determine? We are of the opinion that it was, and the motion for a nonsuit was properly overruled. (Deering on Negligence, sec. 403; *Carter v. Oil Co.,* 34 S. C. 211, 27 Am. St. Rep. 815, 13 S. E. 419; *Deans v. Wilmington R. R. Co.,* 107 N. C. 686, 22 Am. St. Rep. 902, 12 S. E. 77; *Thoresen v. Railway Co.,* 87 Wis. 597, 41 Am. St. Rep. 64, 58 N. W. 1051.)

The next question urged is that the court erred in refusing to instruct the jury to return a verdict in favor of appellant, and cites *Thomas v. Pocatello etc. Irr. Co.,* 7 Idaho, 435, 63 Pac. 595. This case holds that when an action is brought to recover damages for the negligent and careless construction and maintenance of a footbridge, and the evidence wholly fails to establish the allegations of the complaint in that regard, the judgment for plaintiff must be reversed; also when there is no substantial conflict in the evidence, and the verdict of the jury is contrary to such evidence, a judgment based upon said verdict will be reversed upon appeal. We think this opinion correctly states the law, but the facts in that case and the one at bar differ very materially, as we construe the record in the case at bar and the facts in that case. We do not think the evidence shows that appellant was blameless in the construction and maintenance of the turntable. On the other hand, we think it establishes that the appellant was careless and negligent in the construction, and especially the maintenance of the turntable, in that it did not have proper and sufficient appliances for fastening the turntable, and that it had no danger signs or anything to warn the people to keep off, and when we consider the public place on which it was constructed, and the fact that it was frequented by the people in that community, it was the duty of appellant to take every precaution to warn people of the danger of going upon or riding thereon, even though it be a trespass to do so.

Appellant complains that the damages were excessive, and that the verdict should have been set aside, and a new trial

awarded on this ground, if no other. We cannot agree with this contention. The evidence shows that the child was a stout, healthy child, with ordinary faculties, and less than five years of age. Plaintiff asked for $5,000 damages, and the jury awarded him $2,000, and we see no good reason why this court should disturb the judgment of the lower court upon the showing made by appellant. An inspection of the entire record and the authorities cited by both appellant and respondent does not justify us in saying that appellant's motion for a new trial should have been sustained.

The judgment of the lower court is affirmed. Costs to respondent.

QUARLES, C. J.—I concur in the conclusion reached in this case, and agree with the reasoning of my associate who has written the main opinion, and think the authorities fully sustain the conclusion reached. I have carefully read and reread the evidence in this case. In my opinion, the claim of the appellant that the death of the deceased child is attributable to contributory negligence on the part of the plaintiff is not sustained by the evidence. The plaintiff testified that he went with his family to Cambridge to witness a game of baseball; that he, his wife and children, and the hired man remained in his wagon for awhile before the game commenced; that he was chosen to play on one side, and left his wagon and engaged in the game; that he did not permit the deceased, a boy less than five years old, to leave the wagon; that while he was playing ball he heard some children laughing and making a noise, and looked back of where he was standing, and saw about twenty-five children playing on the turntable, and thought he recognized his little boy among them, and then started to the wagon, when immediately he heard his wife screaming, and saw a lad carrying his little son, and went to him, and found him crushed and so injured that he died about three hours afterward; that he did not know up to that time the dangerous nature of turntables. There was evidence contradictory to the statements of plaintiff, but it is apparent that the jury were authorized to

and did believe and accept the statements of the plaintiff as true. I am not in sympathy with the idea that it is the duty of a parent to keep his child in sight all of the time, and hold it by the hand, in order to protect it from unsuspected dangers. Nor can I give my assent to the establishment of a rule which would preclude a recovery in cases like the one before us, because forsooth a parent could have prevented the injury by keeping his child at home or imprisoned in some way so that he could not go upon a highway and witness games of sport and indulge in other innocent amusements. If the plaintiff knowingly sent his little son into danger, or knowingly permitted him to go upon the turntable knowing it to be dangerous, he could not and should not recover in this case.

The turntable in question was a dangerous instrument, insecurely fastened, in its very nature attractive to children, was located in a public place, and the agents and employees of the defendant corporation knew its dangerous character, and knew that it was frequented by people in the vicinity and used by them for amusement. The construction of the machine was such that the distance between it and the frame in which it revolved was greater on one side than on the other, so much so that the limb of a person, and the body of the deceased, could be caught between the table and the frame around it. This fact, and the fact that children could revolve it, made it so dangerous that it became the duty of the defendant to keep it so secured that it would be safe. It would be no more difficult or inconvenient to keep this turntable locked than it is to keep a switch which is in constant use locked. It is usual, if not universal, for railroad companies to keep switches which are in constant use locked. The use of a lock upon this turntable would have prevented the accident, and the failure of the defendant to so secure the said turntable is negligence. My attention has been called to the decision in *Edgington v. Railroad Co.*, 116 Iowa, 410, 90 N. W. 95, recently decided by the supreme court of Iowa, and which is directly in point, where all of the authorities that support the conclusion reached in this case, as well as those opposed, are carefully reviewed.

SULLIVAN, J.—I dissent from the conclusion reached by my associates. The deceased child was taken by its parents to witness a game of baseball. The father entered the game, and left the child in the wagon with the mother and older children. It also appears that said turntable was locked with a piece of wood two by four inches, and from sixteen to twenty-four inches long, and some meddler had removed it. Had it been left as the appellant left it, the accident could not have occurred. It also appears that the older brother or brothers of the deceased child were revolving the turntable when the accident occurred. The rule laid down by my associates charged the duty of protecting children upon every member of the community except upon their parents, which I do not believe to be the correct rule.

The judgment ought to be reversed.