MARK C. TAYLOR, Appellee, v. MINNEAPOLIS & ST. LOUIS
RAILROAD COMPANY, Appellant.

**NEGLIGENCE:** Acts or Omissions Constituting—Attractive Agen-
cies—Turntables. Maintaining an unlocked and unguarded rail-
way turntable at a place where it may attract, and for a space
of some two years has attracted, the attention of children, and
enticed them to play on and about the same, with the express
or implied knowledge of the company so maintaining, presents a
jury question on the subject of negligence, even though the
turntable was located 400 feet outside the platted portion of a
city and abutted upon farm lands with no buildings thereon.

*Appeal from Palo Alto District Court.*—D. F. COYLE,
Judge.

MONDAY, JUNE 25, 1917.

ACTION to recover damages for personal injury. Trial
to a jury, verdict and judgment for plaintiff, and defend-
ant appeals.—*Affirmed.*

*Burnquist & Joyce,* for appellant.

*Daniel Kelly, E. A. & W. H. Morling,* for appellee.

NEGLIGENCE:
acts or
omissions con-
stituting: at-
tractive agen-
cies: turn-
tables.

WEAVER, J.—The plaintiff, a child of
eight years, was injured while playing up-
on a turntable owned and maintained by
the defendant railway company at Ruthven,
Iowa. Suing by his next friend, he alleges
that the turntable was a dangerous device of such character
as to be especially attractive to children, and was negligent-
ly maintained by the defendant at a point near the public
highways and public places of the town, and that, for a
long period, as defendant well knew, the children of the
vicinity had been in the habit of resorting to and playing
around and upon it. It is further charged that defendant

negligently failed to guard or protect said turntable by any lock or other device to prevent its being operated or made use of as a place or instrument of play, and that plaintiff was thereby attracted and lured into making such use of it, and in so doing received the injury of which he complains.  The defendant admits its corporate capacity and its ownership of the turntable, but denies all other allegations of the petition.  On trial to a jury, there was a verdict for the plaintiff for $1,000, and from the judgment entered thereon, this appeal has been taken.

In presenting its appeal to this court, the appellant submits but one proposition, and that is that the plaintiff's evidence is insufficient to sustain the charge of negligence on the part of defendant.  The thought of counsel is that the turntable is shown to be upon the defendant's own premises, and at such distance from any public way or other place of public resort where children could be reasonably expected to go or to be exposed to temptation therefrom that it should be held as a matter of law that no lack of reasonable care upon the company's part has been shown. It is true, as counsel suggest, that the owner of a turntable or other lawful device of a kind to naturally and strongly attract the attention of children of tender years is not bound to so guard or protect it as to absolutely insure it against their approach or interference.  It is also true that such device may be so far removed from public access and from places to which the public is accustomed to resort as to fully justify the owner in assuming that it may be left unlocked and unguarded, without being chargeable with negligence.  In our judgment, however, the showing made in this case on behalf of the defendant is not of such conclusive character as to require the withdrawal of the question of negligence from the jury.  While it is shown that the turntable is located some 900 feet from the defendant's depot, and perhaps 400 feet outside of the platted

part of the town, and that the lands immediately adjoining are open fields unimproved by residences, there is also evidence from which the jury could properly find that, for two years or more, the public, including children, had been accustomed to walk or travel along defendant's track and right of way past the turntable; that children were in the habit of playing on and about the turntable; and that the plaintiff was not the first child who had been injured thereon. Whether the turntable was in any manner enclosed or protected by fence is a matter of dispute between the witnesses. It is undisputed that it was unlocked and unfastened, .and was capable of being revolved or operated by the efforts of the children using it as a place of play. All these things are of a character such as must have been known to the servants and agents of the defendant in charge of the road at that place, and the danger so created was of such obvious character that we cannot say as a matter of law that no duty was imposed upon defendant to guard against it. Injuries to children upon turntables are so many and so frequent that they have been the subject of consideration by a very large proportion of all the courts of this country. They have given rise to two differing and irreconcilable theories of the law by which they are governed; but the question is thoroughly settled in this jurisdiction that, if the company owning such device locates it or maintains it at a place where it naturally attracts the attention of children and entices them to play upon it, and leaves it unlocked and unguarded, then such company is chargeable with negligence. See *Edgington v. Burlington, C. R. & N. R. Co.,* 116 Iowa 410, and later decisions of this court in which that precedent has been applied and followed. There is no question of contributory negligence raised by counsel, and upon the single ground of appeal, the sufficiency of the proof of defendant's negligence, we hold that the trial court did not err.

The case called to our attention by appellant, *St. Louis, V. & T. H. R. Co. v. Bell*, 81 Ill. 76, while quite parallel with the instant case in some of its material facts, is not at all inconsistent with the conclusion here reached, because it was there made to appear that the turntable was located at a place where the public were not in the habit of passing, and there was no showing, as in this instance, that children had long been accustomed to play upon it. That the location of the turntable need not be within the limits of the town before the rule of the *Edgington* case is applicable, see *Kansas Central R. Co. v. Fitzsimmons*, 22 Kan. 686.

For the reasons above stated, the judgment of the trial court is—*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.