(January 23, 1911.)

MONTPELIER MILLING COMPANY, a Corporation, Respondent, v. CITY OF MONTPELIER, a Municipal Corporation, Appellant.

[113 Pac. 741.]

Complaint—Sufficient   Allegations—Water—Appropriations—Priority—Findings.

(Syllabus by the court.)

1.   An action to obtain an injunction to restrain the diversion and use of water which shows upon its face that the plaintiff appropriated such water, and has continuously used the same up to the time it is alleged the defendant diverted and appropriated such water, states a cause of action.

2.   An action to determine the right to waters flowing in a public stream in this state wherein the facts alleged show that the plaintiff appropriated such water and applied the same to a beneficial use prior in time to the alleged diversion and appropriation of the defendant, states a cause of action, and entitles the plaintiff to an injunction restraining further appropriation on the part of defendant.

3.   Under the provisions of sec. 3, art. 15 of the constitution of this state, "the right to divert and appropriate the unappropriated waters of any natural stream to beneficial uses, shall never be denied. Priority of appropriation shall give the better right as between those using water; but when the waters of any natural stream are not sufficient for the service of all those desiring the use of the same, those using the water for domestic purposes shall (subject to such limitations as may be prescribed by law) have the preference over those claiming for any other purpose."

4.   This section of the constitution declares that an appropriation of water to a beneficial use is a constitutional right, and that the first in time is the first in right, without reference to the particular use, and clearly recognizes an appropriation for domestic use as superior to appropriations for other uses, when the waters of any natural stream are not sufficient for all those desiring the same; and that the right to use water for a beneficial purpose is a property right, subject to such provisions of law regulating the taking of private property for public and private use as referred to in sec. 14, art. 1 of the constitution.

5. It was the intention of the framers of the constitution, by the provisions of this section, to provide that waters previously appropriated for manufacturing purposes may be taken and appropriated for domestic use, upon due and fair compensation therefor; but it was not the intention to provide that water appropriated for manufacturing purposes could thereafter arbitrarily and without compensation be appropriated for domestic purposes.

6. Under the provisions of the above-quoted section of the constitution a municipality cannot take water for domestic use which has been previously appropriated for other beneficial uses, without fully compensating the owner, and in this case, it clearly appearing that the respondent appropriated the water of Montpelier creek and applied the same to a beneficial use prior in time to the appropriation of appellant, the appellant has no right to interfere with such appropriation, to the injury of the respondent, without full compensation.

7. The findings in this case show that the respondent, and its predecessors in interest, made an appropriation of ten second-feet of the waters flowing in Montpelier creek, in the year 1891, and applied the same to a beneficial use, and continuously used the same until interfered with by the appellant, and that such appropriation was prior in time to any right of the appellant, and supports the judgment.

8. Where the defendant sets up affirmative matter in an answer, which presents no material and substantial issue, and which in no way affects the rights of the plaintiff in the action, it is unnecessary for the court to make findings thereon, and a failure to make such findings is not error.

APPEAL from the District Court of the Fifth Judicial District, in and for Bear Lake County. Hon. Alfred Budge, Judge.

An action to enjoin the diversion and appropriation of water. Judgment for plaintiff. Defendant appeals. *Affirmed.*

T. L. Glenn and Hawley, Puckett & Hawley, for Appellant.

The findings of fact do not cover the issues raised by the pleadings and are not responsive to the issues, and do not sustain the judgment of the court.   (8 Ency. of Pl. & Pr. 943, 949; *Winterburn v. Chambers,* 91 Cal. 170, 27 Pac. 658; *Kimball v. Lohmas,* 31 Cal. 154; *Ponting v. Isaman,* 7 Ida. 581, 65 Pac. 434.)

Where the findings of fact are not responsive to the material issues, and are so uncertain that they would not warrant a judgment thereon, the case should be reversed. (*Bowman v. Ayers,* 2 Ida. 305 (282), 13 Pac. 346; *State v. Baird,* 13 Ida. 126, 89 Pac. 298; *Olympia Mg. Co. v. Kerns,* 13 Ida. 514, 91 Pac. 92.)

The right of the first appropriator exercised within reasonable limits is respected and enforced. We say within reasonable limits, for this right to water like the right by prior occupancy to mining ground or agricultural land is not unrestricted. It must be exercised with reference to the general condition of the country and the necessities of the people, and not so as to deprive a whole neighborhood or community of its use and vest an absolute monopoly in a single individual. (*Basey v. Gallagher,* 20 Wall. (U. S.) 670, 22 L. ed. 452; *Schodde v. Twin Falls etc. Co.,* 161 Fed. 43; *Fitzpatrick v. Montgomery,* 20 Mont. 181, 63 Am. St. 622, 50 Pac. 417.)

A. B. Gough and Clark & Budge, for Respondent.

An appropriator of water cannot change his point of diversion or purpose of use of said water to the injury of another appropriator. (Rev. Codes, sec. 3247; Wiel on Water Rights, 291–297; *Walker v. McGinness,* 8 Ida. 540; *Hill v. Standard Min. Co.,* 12 Ida. 223, 85 Pac. 907.)

Appellant from judgment cannot complain that court failed to find upon some issue tendered by him, unless he brings up evidence and thereby shows that he litigated that issue in the trial and introduced evidence upon the issue which would have justified ruling in his favor. (*In re Carpenter,* 127 Cal. 582, 60 Pac. 162; *De Tolna v. De Tolna,* 135 Cal. 575, 67 Pac. 1045.)

The appellant's right is for irrigation purposes only and dates from 1864. The respondent's right is for power purposes and dates from 1891. These respective rights, for different purposes, might exist and have existed since 1891, without being in conflict. (*Hutchinson v. Watson Slough Co.,* 16 Ida. 484, 133 Am. St. 125, 101 Pac. 1059; Wiel on Water Rights, pp. 102, 103, 296, 297.)

Findings of fact should be statements of ultimate facts in controversy, not of probative facts or mere conclusions of law. (*Murphy v. Bennett*, 68 Cal. 528, 9 Pac. 738; *Weidenmueller v. Stearns Ranchos Co.*, 128 Cal. 623, 61 Pac. 374; *Broadbent v. Brumback*, 2 Ida. 366 (336), 16 Pac. 555.)

STEWART, C. J.—This action is brought by the Montpelier Milling Company, a corporation, for the purpose of obtaining an injunction against the city of Montpelier, a municipal corporation, restraining the municipality from diverting the waters of Montpelier creek in Bear Lake county, Idaho. The cause was tried to the court and findings of fact made and a decree entered in favor of the plaintiff. The defendant, the city of Montpelier, appeals from the judgment.

The first question for consideration is the sufficiency of the complaint. In substance the complaint alleges: the corporate capacity of the plaintiff and defendant; that the plaintiff is engaged in the milling business, for the manufacture of flour, etc., near Montpelier, in this state; that the plaintiff, and its predecessors in interest, own, and have owned for more than eighteen years, a certain grist and flour mill situated on certain real property in the city of Montpelier; that plaintiff's predecessors in interest constructed a ditch and pipe-line during the year 1891, from Montpelier creek to plaintiff's said mill, of sufficient size and capacity to carry ten second-feet of water; and the appropriation of ten second-feet of water from said creek through said ditch and pipe-line during the year 1891, for the purpose of generating power to operate said mill, and that the same has been continuously used for such purpose by the plaintiff and its predecessors in interest, free from hindrance, ever since; that said amount of water is necessary to properly operate said mill, and that during a large portion of the milling season no more than ten second-feet of water has flowed in said creek at plaintiff's point of diversion, and that during said time plaintiff and its predecessors in interest have used the entire flow of said stream for said purpose, and that the plaintiff is entitled to the entire

flow of said stream when there is no more than ten second-feet of water flowing therein at said point.

The complaint further alleges the ownership and control by the city of Montpelier of a system of waterworks since April 1, 1908, from which said city is alleged to have sold and supplied a large amount of water for domestic and commercial purposes; that on or about the 1st day of April, 1908, the defendant city, in order to supply its said system of waterworks with water, unlawfully and wrongfully, and without any right whatsoever, diverted from said Montpelier creek, at a point on said creek about two miles above plaintiff's said point of diversion, a large quantity of the waters of said creek, and that defendant is now wrongfully diverting said waters into its system, whereby and by reason thereof plaintiff is wrongfully deprived of said water necessary for power purposes for its said mill, and was unable to operate said mill for five hours every day for about fifteen days during the months of November and December, 1908, and January and February, 1909, and by reason thereof has been damaged in the sum of $500; that the defendant threatens to continue to wrongfully and unlawfully divert said waters to the plaintiff's great and irreparable injury.

To this complaint a general demurrer was filed and overruled.

The answer consists of admissions, denials and affirmative matter. The denials, it is conceded by counsel for appellant, are insufficient to present any issue, and in the affirmative matter it is alleged that at the time plaintiff, by and through its predecessors in interest, diverted the waters of Montpelier creek into its ditches and pipe-line for milling purposes, all of the water of said creek had been completely exhausted by former and prior appropriations for beneficial uses, and at the time of said attempted appropriation by plaintiff there was no water for its appropriation; that the Montpelier Irrigation Company, a corporation, owns and controls water appropriated by its predecessors in interest, sixty-four second-feet of the waters of the flowage of Montpelier creek, all of which was appropriated and applied to a beneficial use, be-

tween the 1st day of January, 1864, and the 1st day of June, 1884, and the same was decreed to said Montpelier Irrigation Company by the district court of the fifth judicial district of the state of Idaho, by decree dated February 20, 1902, and now on record and on file in the office of the clerk of said court, at Paris, Idaho; that defendant is the owner of one hundred and fifty shares of stock of said Montpelier Irrigation Company, which entitles the defendant to the use of three second-feet of water, and that it now uses, and has used, less than one-fourth of a second-foot of water since diverting it from said creek, as in the complaint alleged; that defendant's right to the use of said water is superior and prior to the right of the said plaintiff.

Upon the issues thus presented the court made its findings of fact and entered a decree in favor of the plaintiff, enjoining and restraining the defendant from diverting the waters of Montpelier creek in any manner so as to interfere with the flow of at least ten second-feet of such water, or so much of said water as may be flowing in said creek up to ten second-feet to plaintiff's point of diversion, and for judgment for $250 damages.

It is contended upon behalf of the appellant that the complaint fails to state a cause of action, for the reason that it is alleged that the appropriation made by the respondent was for manufacturing and milling purposes, while the appropriation made by the appellant was for municipal and domestic purposes, and thus shows that the appropriation made by the appellant was superior in right to that of the plaintiff.

Referring to the complaint, it will be observed that the plaintiff claims the right to ten second-feet of water flowing in Montpelier creek for the purpose of producing and generating power to run and operate a mill, and that such diversion and appropriation was made in the year 1891, and that said water so appropriated has been continuously used ever since; that the defendant made an appropriation of the waters of said Montpelier creek in April, 1908, and diverted said water at a point above the plaintiff's point of diversion. Thus it appears that the appropriation made by the respond-

ent was prior in time to that of the appellant. The contention of appellant is based upon a construction of sec. 3 of art. 15 of the constitution of this state. This section reads as follows:

"The right to divert and appropriate the unappropriated waters of any natural stream to beneficial uses, shall never be denied. Priority of appropriation shall give the better right as between those using the water; but when the waters of any natural stream are not sufficient for the service of all those desiring the use of the same, those using the water for domestic purposes shall (subject to such limitations as may be prescribed by law), have the preference over those claiming for any other purpose; and those using the water for agricultural purposes shall have preference over those using the same for manufacturing purposes. And in any organized mining district, those using the water for mining purposes or milling purposes connected with mining, shall have preference over those using the same for manufacturing or agricultural purposes. But the usage by such subsequent appropriators shall be subject to such provisions of law regulating the taking of private property for public and private use, as referred to in sec. 14 of art. 1 of this constitution."

From the language thus used in this section appellant argues that it was the intention of the framers of the constitution to make an appropriation of water for domestic uses a right superior to an appropriation made for manufacturing uses, without reference to the time or priority of such appropriations. In other words, appellant argues that the appropriation made by the respondent, being for manufacturing purposes, did not withdraw the water so appropriated from a subsequent appropriation made for domestic uses, and that the appropriation and use for manufacturing purposes conferred no right which could not be taken away and destroyed by an appropriation for domestic use.

Applying this principle to the facts alleged in the complaint, it is claimed that the appropriation made by the respondent in the year 1891 for manufacturing and milling purposes, and the continuous use of such water from that

date up to 1908, conferred no right upon the respondent which could not be defeated and subsequently acquired by the appellant upon an appropriation for domestic uses.

We do not think that the language thus used in the constitution was ever intended to have this effect, for it is clearly and explicitly provided in said section that the right to divert and appropriate the unappropriated waters of any natural stream to beneficial uses shall never be denied; that priority of appropriation shall give the better right as between those using the water. This clearly declares that the appropriation of water to a beneficial use is a constitutional right, and that the first in time is the first in right, without reference to the use, but recognizes the right of appropriations for domestic purposes as superior to appropriations for other purposes, when the waters of any natural stream are not sufficient for the service of all those desiring the same. This section clearly recognizes that the right to use water for a beneficial purpose is a property right, subject to such provisions of law regulating the taking of private property for public and private use as referred to in sec. 14, art. 1, of the constitution.

It clearly was the intention of the framers of the constitution to provide that water previously appropriated for manufacturing purposes may be taken and appropriated for domestic use, upon due and fair compensation therefor. It certainly could not have been the intention of the framers of the constitution to provide that water appropriated for manufacturing purposes could thereafter arbitrarily and without compensation be appropriated for domestic purposes. This would manifestly be unjust, and clearly in contravention of the provisions of this section, which declare that the right to divert and appropriate the unappropriated waters of any natural stream for beneficial use shall never be denied, and that priority of appropriation shall give the better right.

In the case of *Town of Sterling v. Pawnee Extension Ditch Co.*, 42 Colo. 421, 94 Pac. 339, 15 L. R. A., N. S., 238, the supreme court of Colorado construed sec. 6, art. 16, of the constitution of that state, which is very similar to sec. 3, art.

15, of the constitution of this state, and said: "Sec. 6, art. 16, Const., states that those using water for domestic purposes shall have the preference over those claiming for other purposes, but this provision does not entitle one desiring to use water for domestic purposes, as intended by the defendant town of Sterling, to take it from another who has previously appropriated it for some other purpose, without just compensation. Rights to the use of water for a beneficial purpose, whatever the use may be, are property in the full sense of that term, and are protected by sec. 15, art. 12, Const., which says that 'private property shall not be taken or damaged for public or private use without just compensation.' In this dry and arid region a right to the use of water appropriated for beneficial purposes is of great value because of the many enterprises carried on which are dependent upon its use. In many instances such enterprises would be rendered valueless if the right to the use of water necessary to carry them on was taken away; and, unless such rights are fully protected, it would be hazardous, to say the least, to embark in any enterprise dependent upon an appropriation of water if such appropriation was subject to the right of any municipality within the state to take the water representing such appropriation to supply its inhabitants, without compensating the appropriator. That a city or town cannot take water for domestic purposes which has been previously appropriated for some other beneficial purpose, without fully compensating the owner, is so clear that further discussion seems almost unnecessary. Any other conclusion would violate the most fundamental principles of justice, and result in destroying most valuable rights. It would violate that right protected by our constitution, that property shall not be taken from the owner either for the benefit of the public or for private use without compensation to the owner."

It is clear, therefore, that under the provisions of the above-quoted section of the constitution, a municipality cannot take water for domestic purposes which has been previously appropriated for other beneficial uses without fully compensating the owner, and in this case it appearing that the respondent

appropriated waters of Montpelier creek and applied the same to a beneficial use in 1891, the appellant had no right to interfere with such appropriation, to the injury of the respondent, without full compensation.

There was no error in overruling the demurrer.

It is next urged that the findings do not support the judgment. Referring generally to the findings, it appears that the court found that the plaintiff now is, and its predecessors in interest have been for more than eighteen years last past, the owners of and entitled to the possession of a grist and flour mill situated upon certain lands in the city of Montpelier, Bear Lake county; that said mill has been run and operated by plaintiff and its predecessors in interest each year for the eighteen years last past by means of water-power derived from water taken from Montpelier creek; that during the year 1891 William Quayle, one of plaintiff's predecessors in interest, constructed a ditch and flume from said Montpelier creek to said mill of sufficient size and capacity to carry more than ten second-feet of water, and during said year 1891 said William Quayle appropriated, at the point of intake of said ditch and flume, sufficient water to operate said mill, and that plaintiff and its predecessors in interest used and conducted sufficient water through said ditch and flume to said mill to run and operate the same, except during the months of January and February, when there was not sufficient water flowing in said creek; that it requires ten second-feet of water to properly run and operate said mill; that through deeds of conveyance from said Quayle, plaintiff became the owner and possessor of said mill, premises, water rights, ditches, and pipe-line; that the defendant city of Montpelier owns and controls, and operates, and ever since the 1st day of April, 1908, has owned, controlled and operated an extensive water system, from which it sells and supplies water for domestic and commercial purposes; that on the 1st day of April, 1908, the defendant city, in order to supply said system of waterworks with water, wrongfully and without right, diverted from said Montpelier creek, at a point above plaintiff's point of diversion, a large quantity of

water, and is now wrongfully diverting and using said water to which plaintiff is entitled, to its great and irreparable injury; that during the months of November and December, 1908, and the months of January and February, 1909, the plaintiff was unable to run and operate its said mill for a considerable portion of said months, by reason of the defendant so diverting the waters of said creek, to the damage of plaintiff in the sum of $250; that the defendant is the owner of one hundred and twenty-eight shares of stock in the Montpelier Irrigation Company, a corporation, owning and controlling the right to the use of the waters of said creek for irrigation purposes, and by virtue of such ownership the defendant claims the right to divert and use the waters of said creek, and that the water which it claims the right to divert and use was, prior to April 1, 1908, used by the Montpelier Irrigation Company and its predecessors in interest continuously since 1864 for irrigation purposes only, and diverted from the creek below plaintiff's said mill and since 1891 after the same has been used in said mill for milling purposes, and after the same has been returned to said creek.

The argument in support of this contention of the appellant is based entirely upon the same questions involved in considering the demurrer. In the findings the court found that the plaintiff appropriated water from Montpelier creek for mining and milling purposes, and that the diversion of water made by the defendant for municipal purposes was subsequent in time to the appropriation made by the plaintiff, and that the plaintiff's rights were prior to those of the defendant. The findings clearly support the judgment.

It is next contended that the court failed to find upon all the issues in the case. This argument is based upon the failure of the court to make a finding with reference to the allegations of the complaint wherein it is alleged "That the Montpelier Irrigation Company, a corporation, organized and existing under the laws of the state of Idaho, owns and controls waters appropriated by its predecessors in interest, sixty-four second-feet of water of the flowage of Montpelier creek, in the county of Bear Lake, and state of Idaho, all of

which was appropriated and applied to a beneficial use between the 1st day of January, 1864, and the 1st day of June, 1884, and the same was, on the 20th day of February, 1902, decreed to said Montpelier Irrigation Company by the district court of the fifth judicial district of the state of Idaho by decree dated February 20, 1902, and now of record and on file in the office of the clerk of said court, at Paris, Idaho."

The trial court did not make a finding with reference to the making of this decree, and evidently for the reason that it is not alleged that the respondent was a party to said proceedings or in any way affected by such decree. The allegation was an immaterial allegation in so far as the respondent is concerned. It is not alleged that the respondent was a party to said suit, or had any knowledge of the same, or that the respondent's rights were in any way adjudicated or affected by such decree. (*Brown v. Macey,* 13 Ida. 451, 90 Pac. 339; *Foore v. Simon Piano Co.,* 18 Ida. 167, 108 Pac. 1038.) The fact that the appellant was the owner of one hundred and twenty-eight shares of stock in the Montpelier Irrigation Company, an appropriator of water prior in time to that of the respondent, did not give the appellant the right to change the point of diversion of the Montpelier Irrigation Company to a point above the point of diversion of the respondent, if such change resulted in injury to the respondent. (Rev. Codes, sec. 3247; *Walker v. McGinness,* 8 Ida. 540, 69 Pac. 1003; *Hill v. Standard Mining Co.,* 12 Ida. 223, 85 Pac. 907; Wiel on Water Rights, 291–297.)

We have carefully examined the errors assigned in this case and find no error in the record. Judgment is *affirmed.* Costs awarded to respondent.

Sullivan, J., concurs.

224   MONTPELIER M. Co. *v.* CITY OF MONTPELIER.   [19 Idaho,

Opinion of the Court—Sullivan, J., on Petition for Rehearing.

### ON PETITION FOR REHEARING.

#### (February 28, 1911.)

SULLIVAN, J.—A petition for rehearing has been filed in this case and counsel contends that the trial court failed to find on certain material issues, and that this court failed to grasp the points contended for in the brief as well as in the oral argument of counsel.

It is contended that all of the water of Montpelier creek was appropriated for useful purposes in 1864, and was so decreed by the district court of Bear Lake county, and that the city of Montpelier had purchased 128 shares of stock of the Montpelier Canal Co., which company was the owner of all of the waters of said creek under said decree, and for that reason the city of Montpelier was entitled to the number of inches of water represented by said shares of stock, and was entitled to take the same out of said stream at any place or point where it desired to do so.

The record shows that for more than fifteen years prior to the commencement of this action the milling company had diverted a certain part of the water of said stream and had constantly used it for the purpose of running its mill and returned it to the stream below the mill and above the point where the city and said canal company had been diverting said water for other purposes. The city in 1908 established a system of waterworks and diverted the water from said stream above the point where the milling company had been diverting water therefrom for the purpose of running said mill.

On that state of facts, even though the city had a prior right to the use of said water, it had no right or authority to change the point of diversion farther up the stream if the milling company would be injured by such change. One having a prior right to the use of water cannot change the place of diversion if others are injured by such change. (Sec. 3247, Rev. Codes.)

The real question involved in this case is whether the city had the right to change the point of diversion of the water claimed by it to the injury of the milling company. The decision of the trial court was to the effect that it could not. That being a correct conclusion, it would matter not what the findings of the trial court were upon the points raised by counsel in their petition for a rehearing. A rehearing must be denied, and it is so ordered.

Ailshie, J., concurs.