INDEPENDENT IRRIGATION COMPANY, LTD., a Corporation, et al., Appellants, v. G. CLYDE BALDWIN, Watermaster of District No. 36, and W. G. SWEND-SEN, Commissioner of Reclamation, Respondents, and SNAKE RIVER VALLEY IRRIGATION DISTRICT, IDAHO IRRIGATION ·DISTRICT, NEW SWEDEN IRRIGATION DISTRICT, and NORTH SIDE CANAL COMPANY, LTD., Intervenors and Respondents.

[252 Pac. 489.]

WATERS AND WATER RIGHTS—DIVERSION FROM TRIBUTARY—INTERVEN-TION—TEMPORARY INJUNCTION—DISMISSAL OF ACTION WORKS DIS-SOLUTION—DISCRETION OF COURT—MOTION FOR NONSUIT—EFFECT—EVIDENCE — DUTY OF WATERMASTER AND RECLAMATION COMMIS-SIONER—REFUSAL OF JURY IN EQUITABLE ACTION.

1.   Under C. S., sec. 6655, persons with decreed rights in waters of river and interested in having flow maintained are entitled to intervene in action to enjoin interference with diversion from stream flowing into river.

2.   On motion for nonsuit, defendant for that purpose is deemed to have admitted all facts on which there is evidence and which evidence tends to prove and every legitimate inference therefrom.

3.   On motion for nonsuit, evidence must be interpreted most strongly against defendant.

4.   Evidence *held* to establish that waters had been diverted and applied to beneficial use for approximately forty years without any interference or adverse claim.

5. Plaintiffs' evidence in action for permanent injunction against interference with diversion of water *held* sufficient as against motion for nonsuit.

6. Dismissal of action works dissolution of temporary injunction.

7. Granting temporary injunction is largely within discretion of trial court, and in absence of abuse of discretion will not be disturbed.

8. Watermaster and commissioner of reclamation were not required to interfere with diversion of water in absence of proof that diversion was made from tributary of river involved in former adjudication of water rights.

9. Right to use of water by appropriation and use having been established, it cannot be interfered with in absence of proof of superior right.

10. Temporary injunction against interference with diversion of water *held* not improperly issued.

11. Granting or refusal of trial by jury in equitable action is within discretion of trial court, and its action in that respect will not be reviewed in absence of abuse of discretion.

12. In action to obtain injunction against interference with diversion of water, evidence tending to show plaintiff's right to diversion in that diversion was made from tributary which was not involved in previous adjudication, was admissible.

APPEAL from the District Court of the Ninth Judicial District, for Jefferson County. Hon. Robert M. Terrell, Presiding Judge.

Publisher's Note.

7. See 14 R. C. L. 312.
9. See 27 R. C. L. 1277.
11. See 15 R. C. L. 214.

See Appeal and Error, 4 C. J., sec. 2768, p. 803, n. 87; sec. 2808, p. 828, n. 23.

Injunctions, 32 C. J., sec. 11, p. 29, n. 13; sec. 603, p. 392, n. 44; sec. 694, p. 408, n. 2.

Trial, 38 Cyc., p. 1551, n. 62, 63; p. 1553, n. 90.

Waters, 40 Cyc., p. 714, n. 77; p. 730, n. 86 New; p. 731, n. 10; p. 734, n. 31, 32; p. 738, n. 70.

Action to obtain permanent injunction enjoining water-master *et al.* from interfering with diversion of water. Judgment of nonsuit. *Reversed.*

O. A. Johannesen and D. E. Rathbun, for Appellants.

The complaint of the appellants, showing upon its face that the appellants had appropriated and used continually for more than forty years all of the water arising from springs and other natural sources in Scott Slough, above a tight and permanent dam maintained by them, across the slough, and that the watermaster was attempting to prevent the diversion and use of his water by the appellants, the latter were entitled to an injunction restraining the watermaster. (*Montpelier Milling Co. v. City of Montpelier,* 19 Ida. 212, 113 Pac. 741; *Sanderson v. Salmon River Canal,* 34 Ida. 145, 199 Pac. 999; *Moe v. Harger,* 10 Ida. 302, 77 Pac. 645; C. S., sec. 6769; Kinney on Irrigation, 2d ed., pp. 2922, 2923, 2931, 2932; *Atchison v. Peterson,* 20 Wall. (U. S.) 507, 22 L. ed. 414.)

Under a claim or right to the use of water by appropriation and continuous use, as guaranteed by the constitution, or, of public, open, notorious claim of and continuous use of water, the question of fact should be submitted to a jury on request. (*Burke v. McDonald,* 2 Ida. (310), 339, 13 Pac. 351; *Phoenix Ins. Co. v. Doster,* 106 U. S. 30, 27 L. ed. 65; *Killian v. Ebbinghaus,* 110 U. S. 568, 4 Sup. Ct. 698, 28 L. ed. 246; 3 Elliott on Evidence, sec. 1616; *Wheeler v. Laird,* 147 Mass. 421, 18 N. E. 212; *Harrison v. Spencer,* 90 Mich. 586, 51 N. W. 642; *Barnes v. Light,* 116 N. Y. 34, 22 N. E. 441; *Heney v. Breeden,* 100 Va. 781, 42 S. E. 916; *Jangraw v. Mee,* 75 Vt. 211, 98 Am. St. 816, 54 Atl. 189; *Jackson v. Huntington,* 5 Pet. (U. S.) 402, 8 L. ed. 170.)

Otto E. McCutcheon, B. E. Stoutemyer, Whitcomb, Cowen & Clark and Walters & Parry, for Intervenors and Respondents.

The case was not one defined by C. S., sec. 6837, which must be tried by a jury. It was an action for an injunction

against an official and there was no error in the court refusing defendant's motion for a trial by jury. This was purely a matter within the court's discretion. (*First National Bank v. Commercial Union Assur. Co., Ltd.*, 40 Ida. 236, 232 Pac. 899.)

It appeared by the petitions for intervention that the intervenors had a direct and immediate interest in the matter in litigation, and, therefore, intervention was properly allowed. (*People v. Green*, 1 Ida. 235; *Pittock v. Buck*, 15 Ida. 47, 96 Pac. 212.)

It is improper to use the proceeding to obtain a writ of injunction to litigate or determine a permanent or perpetual water right. (*Lewis v. Mountain Home Co-op. I. Co.*, 28 Ida. 682, at 692, 156 Pac. 419; *Daniels v. Adair*, 38 Ida. 130, 220 Pac. 107.)

BUDGE, J.—Appellants, Independent Irrigation Company and its stockholders, brought this action against respondents, as watermaster of district No. 36 and commissioner of reclamation, respectively, for the purpose of enjoining the latter, their successors, agents, etc., from preventing the diversion by appellants of certain waters flowing in a natural channel known as Scott Slough, in Jefferson county, and to obtain a decree declaring appellants to be the owners of such waters.

The complaint alleges that appellants appropriated, and have continuously diverted and put to a beneficial use since a date prior to June, 1884, the supply of water rising in Scott Slough from natural springs, and that their claim of exclusive ownership in and to said water has been open and notorious and without opposition or adverse claim on the part of anyone, but that the watermaster of district No. 36 has informed appellants that he will and is threatening to shut off said water supply, with the explanation that appellants have no right to the use of the water. Such threatened interference on the part of the watermaster, appellants aver, is without right, either in law or in equity and for no valid reason whatever, and that to be deprived

of the use of said water would cause them irreparable damage and injury. Upon a showing made under the complaint a temporary injunction was issued enjoining respondents from interfering with or in anywise preventing the use of said water by appellants.

A formal written appearance in the action was filed on behalf of respondents by the attorney general, and the Snake River Valley Irrigation District, Idaho Irrigation District, New Sweden Irrigation Dictrict and North Side Canal Company, Ltd., obtained leave to and filed answers in intervention.

The substance of the defense interposed by intervenors was that Scott Slough is a tributary of Snake River and that the waters of the slough comprise a portion of the natural flow of Snake River; that by a decree dated December 6, 1910, in an action wherein appellant company was a party, it was decreed the right to the use of 1,700 inches of the waters of Snake River and had relied upon this adjudicated right until after a sale of the same in 1920; and that the decreed right of 1,700 inches is the only water to which appellants are entitled, and that they ought to be barred and estopped from setting up any claim, right, title or interest in and to the use of the waters of Snake River different from the decreed right.

At the time the cause came on for trial appellants moved the court to strike the answers in intervention and to call a jury, both of which motions were denied. Thereupon the court proceeded to hear the cause upon the issues framed by the complaint and answers in intervention. Oral and documentary evidence was introduced by appellants, and at the conclusion of their case the court granted motions of the intervenors for a nonsuit and to dissolve the injunction theretofore issued. The appeal is from the judgment and order dismissing the action and dissolving the injunction.

Appellants assign as error the action of the trial court in denying their motion to strike the answers in intervention; in granting intervenors' motions for a nonsuit and to dissolve the injunction; also in overruling appellants'

request for a jury; and in the rejection of certain evidence. We will dispose of the assignments in the order stated.

[1] It appears that the intervenors have decreed rights to the waters of Snake River and are interested in having the flow of that stream maintained, so as to enable them to divert as nearly as possible the amounts of their respective rights, and they were therefore entitled to present their claims as intervenors in this action. (C. S., sec. 6655; *People v. Green,* 1 Ida. 235; *Pittock v. Buck,* 15 Ida. 47, 96 Pac. 212.)

[2, 3] The rule is well established in this jurisdiction that on a motion for nonsuit, defendant, for the purpose of the motion, is deemed to have admitted all the facts of which there is any evidence and all the facts which the evidence tends to prove and every inference of fact that can be legitimately drawn therefrom, and that on such motion the evidence must be interpreted most strongly against the defendant. (*Culver v. Kehl,* 21 Ida. 595, 123 Pac. 301.)

[4] From the evidence introduced on the part of appellants it appears that in 1884 appellant company and its stockholders constructed a tight dam across Scott Slough and claimed, diverted and applied to a beneficial use the waters rising and flowing therein, and since said date have continuously and without interference so used and applied said waters, except in the year 1922 when one John Empey, watermaster, undertook to regulate the flow through appellants' headgate, and again in 1923 when respondent Baldwin, watermaster, threatened to interfere with appellants' headgate, resulting in the filing of the present action and the issuance of the injunction herein. It was therefore established by the evidence that for approximately forty years appellants diverted and applied to a beneficial use the waters rising in Scott Slough, without any interference or adverse claim whatever.

The evidence further shows that from the date of the construction of the dam by appellants Scott Slough ceased to be a tributary of Snake River. There is also evidence in the

record to the effect that when the so-called Snake River water suit was tried, the waters in Scott Slough were not considered to be a part of the river, were not involved in the suit and were not decreed as a part of the waters of Snake River, but the waters of the slough remained an independent water supply owned and applied to a beneficial use by appellant company and its stockholders; that the 1,700 inches of water decreed to appellant company in the Snake River water suit were diverted by it from the river into the works of the Long Island Canal Company and thence conducted down to and into Scott Slough and diverted from the slough into appellant company's diversion works and from there applied to a beneficial use upon the lands of its stockholders, along with the waters rising in the slough; that at the time of the entry of the decree in the Snake River water suit, in order to have a sufficient amount of water with which to irrigate properly the lands belonging to the stockholders of appellant company it was necessary to use the 1,700-inch decreed right together with the spring or seepage water in the slough, if profitable crops were to be produced on the land.

[5] While the evidence is not as clear and conclusive as might be desired, there was sufficient evidence introduced by appellants to have warranted the court in denying the motion for nonsuit. In other words, appellant made out a *prima facie* case, and the granting of the motion for nonsuit was error.

Preceding the motion for nonsuit intervenors made a motion to dissolve the temporary injunction theretofore issued, upon the grounds that the complaint failed to state a cause of action, and, that even though stating a cause of action, it failed to set forth any ground or show any reason for injunctive relief; that in so far as respondents were concerned the temporary injunction "is a writ of mandate and directs them to perform acts in violation of their official duties as prescribed by law"; and "that the injunction has the effect of depriving the intervenors of their prop-

erty without due process of law, in violation of the provisions of the state and federal constitutions.''

[6] The dismissal of the action worked a dissolution of the temporary injunction. [7] The granting of the temporary injunction in the first instance rested largely within the discretion of the trial court, and in the absence of an abuse of such discretion would not be disturbed. (*Porters Bar Dredging Co. v. Beaudry,* 15 Cal. App. 751, 115 Pac. 951.)

[8] There would seem to be no merit in intervenors' contention that the granting of the temporary injunction as against respondents had the effect of directing respondents to perform acts in violation of their official duties as prescribed by law. It is clear that it was not the official duty of respondents to deprive appellants of the right to the use of the waters of Scott Slough in the absence of proof that Scott Slough was a tributary of Snake River.

[9] The evidence offered by appellants proved the construction of a tight dam across Scott Slough and the diversion and appropriation to a beneficial use of the waters rising therein. The right of appellants to the use of the water was fixed as of the date of its application to a beneficial use, which right was prior in time to the rights of the intervenors, and was such a right as could be acquired by appropriation and use. Having established the right to the use of the water by appropriation and use, appellants' right cannot be interfered with in the absence of proof of a superior right. The injunction was issued for the purpose of enjoining respondents from interfering with appellants' use of such water or from preventing its diversion.

In the case of *Montpelier M. Co. v. City of Montpelier,* 19 Ida. 212, 113 Pac. 741, this court held that:

''An action to determine the right to waters flowing in a public stream . . . . wherein the facts alleged show that the plaintiff appropriated such water and applied the same to a beneficial use prior in time to the alleged diversion and appropriation of the defendant, states a cause of ac-

tion, and entitles the plaintiff to an injunction restraining further appropriation on the part of defendant.''

It has also been held that the mere existence of a doubt as to title does not of itself constitute a sufficient ground for refusing an injunction. (*Washington Water Power Co. v. Crane,* 40 Ida. 310, 319, 233 Pac. 878; *Hess v. Winder,* 34 Cal. 270; *Merced Mining Co. v. Fremont,* 7 Cal. 317, 68 Am. Dec. 262.)

[10] We are, therefore, not prepared to say, conceding there is a dispute as to the right to the use of the waters of Scott Slough, that the injunction was improperly issued. (*Fischer v. Davis* (on rehearing), 19 Ida. 501, 116 Pac. 414; *Buena Vista Co. v. Boise Basin Co., Ltd.,* 29 Ida. 789, 162 Pac. 330; *Lambrix v. Frazier,* 31 Ida. 382, 171 Pac. 1134; *Washington Water Power Co. v. Crane, supra.*)

[11] Assignment of error numbered 3 complains of the action of the trial court in overruling the request of appellants for a jury trial. The action being purely equitable, there is no merit in this contention that the court erred in denying a jury trial. The granting or refusing to grant a trial by jury was within the discretion of the trial court, and in the absence of an abuse of such discretion the action of the court in that respect will not be reviewed. (*First National Bk. v. Commercial Union Assur. Co.,* 40 Ida. 236, 241, 232 Pac. 899; *Rees v. Gorham,* 30 Ida. 207, 164 Pac. 88; *Warring v. Freear,* 64 Cal. 54, 28 Pac. 115.)

[12] We come now to the assignment complaining of the action of the court in the rejection of certain evidence offered by appellants. Without passing upon the form of the questions asked or whether the evidence sought to be introduced was cumulative, it was to the effect that appellants had used the waters rising in Scott Slough; that the waters so rising, diverted and used by appellants, were not a part of the waters of Snake River as decreed in 1910; and to the further effect that public officers charged with the distribution of the waters of Snake River knew that appellants had an independent water supply from Scott Slough and since the construction of the dam across the slough in

1884 had appropriated and used water therefrom upon their lands, and that the right to the use of the same was not attempted to be interfered with by officers in charge of the distribution of the waters of Snake River prior to 1922 and 1923; and that the water commissioner knew that appellant company had used the waters of Scott Slough in addition to its decreed right from the river. All of this testimony showed or had a tendency to show that appellants had an independent source of water from Scott Slough; that when the decree in the Snake River water suit was entered, in 1910, the slough was not considered a tributary of Snake River, and that after the decree was entered and up until 1922, or for a period of 12 years, no question was raised as to the right of appellants to the use of the waters rising in the slough in addition to the 1,700-inch decreed right from Snake River. We think this testimony was admissible and should have been received.

The judgment of the trial court dismissing the action is reversed. Costs awarded to appellants.

Givens and T. Bailey Lee, JJ., concur.

WM. E. LEE, C. J.—I concur in the conclusion that the court erred in granting the motion for nonsuit.

TAYLOR, J., Concurring Specially.—I concur in the conclusion that the court erred in granting the motion for nonsuit. The motion was as follows:

"The intervenors also move at this time for a nonsuit on the grounds that the plaintiff has wholly failed to allege, or prove, any cause of action; and has wholly failed to allege, or prove, any grounds for injunctive relief."

This court has repeatedly held that such a motion is not sufficiently specific and should be disregarded, and that the insufficiency of a complaint to state a cause of action is not a ground for motion for nonsuit. (*Mole v. Payne,* 39 Ida. 247, 227 Pac. 23; *Idaho Mercantile Co. v. Kalanquin,* 7 Ida. 295, 62 Pac. 925; *Coulson v. Aberdeen-Springfield Canal Co.,*

39 Ida. 320, 227 Pac. 29 (concurring opinion of Justice Budge and cases cited).)

I cannot concur in holding that the plaintiffs made even a *prima facie* case of the broad effect indicated by the opinion. It was not "established" that "appellants diverted and applied . . . . the waters . . . . without any interference or adverse claim whatever." Nor can it be said that "from the date of the construction of the dam by appellants, Scott Slough ceased to be a tributary of Snake River." (*Turner v. James Canal Co.*, 155 Cal. 82, 17 Ann. Cas. 823, 99 Pac. 520, 22 L. R. A., N. S., 401; Kinney on Irrigation & Water Rights, 2d ed., vol. 1, secs. 303, 317; vol. 2, sec. 652.)

While the plea of the judgment in the Snake River suit made it originally a matter of affirmative defense, when it was conceded by plaintiffs that they were parties to that suit and decreed 1,700 inches of water therein, and when, as appears, a large portion, if not all, of the waters involved herein were plainly Snake River waters, it could not be properly found, nor can we say, from the meager evidence, that "when the so-called Snake River water suit was tried, the waters in Scott Slough were not considered to be a part of the river, were not involved in the suit and were not decreed as a part of the waters of Snake River, but the waters of the slough remained an independent water supply owned and applied to a beneficial use by appellant company and its stockholders."

To say that plaintiffs made a *prima facie* case, and the nonsuit was for that reason improperly granted, is to imply that in the absence of further proof by the defendants or intervenors, the plaintiffs would be entitled to a decree, without expressing the effect or limitations of such decree.

The utmost to which plaintiffs would have been entitled would be an injunction against interference with the enjoyment of the waters until, in a proper action, the ownership might be decreed. There was no proper proof on which to quiet title to, and decree ownership of, these waters in their favor, nor was this a proper action for such purpose. (C. S., sec. 7036.)

Points Decided.

I cannot concur in holding that the court erred in excluding the evidence complained of, offered in the form and manner in which it was presented.