[Civ. No. 3388.   Second Appellate District, Division Two.—October 14, 1921.]

## SECURITY INVESTMENT COMPANY OF SAN BERNARDINO (a Corporation), Respondent, v. GEORGE R. BARTRAM et al., Appellants.

[1] VENDOR AND VENDEE—UNPAID INSTALLMENTS—RIGHT TO COLLECT.— The vendor under a contract for the sale of land has the right to sue the vendees to collect each unpaid installment as it becomes due.

[2] NONSUIT — GROUND OF MOTION — INSUFFICIENT STATEMENT. — The statement, "That plaintiff has wholly failed to prove his case," as the statement of the ground upon which a motion for a nonsuit is made, is insufficient.

[3] APPEAL—INSUFFICIENCY OF EVIDENCE—ABANDONMENT OF SPECIFICATIONS—FINDINGS.—Where the appellant abandons the specifications of insufficiency of the evidence contained in his bill of exceptions by failing on appeal to present any argument to support them in his opening brief, the findings must be accepted as supported by the evidence.

[4] VENDOR AND VENDEE—REFERENCE TO UNRECORDED MAP—INTENTION OF PARTIES—VALIDITY OF CONTRACT.—A contract for the purchase of land is not void because it refers to an unrecorded map, where the only purpose of the parties in mentioning a map in the contract is to make provision for one to be on record not later than at the date when the purchasers should be entitled to a conveyance, it not being intended that the map should be relied upon for a description of the lot, that being unnecessary.

[5] ID. — UNPAID INSTALLMENTS — ACTION TO COLLECT — IDENTITY OF PROPERTY—PAROL EVIDENCE.—In an action by the vendor against the vendees to recover installments due under a contract for the purchase of land, parol evidence is admissible to establish that the property referred to and described in the contract of purchase is the identical lot or piece of property which the vendees understood that they were buying, and agreed to buy in and by said contract, and which had been identified upon the ground.

APPEAL from a judgment of the Superior Court of San Bernardino County.   Rex B. Goodcell, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Allison & Dickson for Appellants.

Ralph E. Swing and Swing & Wilson for Respondent.

CRAIG, J.—The plaintiff, a corporation, brought this action to secure a judgment for installments alleged to be due and unpaid upon a contract for the purchase of land. The complaint was attacked by a general demurrer which was overruled.   While a partial transcript of the testimony is before us, the points presented for decision are upon the judgment-roll alone.

1. It is the contention of the appellant that plaintiff's only remedy is for damages as provided in section 3307 of the Civil Code, or for the specific performance of the contract.   In this he is mistaken.   [1]   The plaintiff has the right to sue to collect each unpaid installment as it becomes due.   (*Boone* v. *Templeman,* 158 Cal. 290 [139 Am. St. Rep. 126, 110 Pac. 947]; *Glock* v. *Howard & Wilson Co.,* 123 Cal. 1 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713].)   The action is not *ex delicto* but *ex contractu* and therefore damages need not be alleged.

[2]   2. Respondent insists that the alleged error of the trial court in denying the motion for nonsuit cannot be considered on this appeal because the ground of the motion is not stated.   The only ground mentioned is, ''That plaintiff has wholly failed to prove his case.''   This statement in no way attracts the attention of counsel and the court to the particular matters relied upon and is insufficient.   (*Miller* v. *Luco,* 80 Cal. 257 [22 Pac. 195]; *Millar* v. *Millar,* 175 Cal. 797 [Ann. Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac. 394]; *Durfee* v. *Seale,* 139 Cal. 603 [73 Pac. 435].)

[3]   3. Appellants have seen fit to abandon the specifications of insufficiency of the evidence contained in their bill of exceptions by failing to present any argument to support them in the opening brief.   The findings, therefore, must be accepted as supported by the evidence.

[4]   4. If we understand appellants' contention, it is further argued that assuming the facts found by the court to be true, the contract is void because it refers to an unrecorded map.   The contract is sufficient even if the map be entirely omitted from consideration.   The finding in this regard is ''That at the time of the entering into said contract for the sale of said lot 5, there was no map of said block C., of Polytechnic Square subdivision, of record in the office of the county recorder of San Bernardino county, but defendants well knew such fact, at the time of so entering

into said contract, and said defendants agreed to purchase said lot and entered into said contract with the full understanding that said map had not then been so recorded. That on the 19th day of August, 1919, said map of said block C., of said Polytechnic Square subdivision, was recorded in the office of the county recorder of San Bernardino county and is now of record therein.'' From this it is clear that the only purpose of the parties in mentioning a map in the contract was to make provision for one to be on record not later than at the date when the purchasers should be entitled to a conveyance. It was not intended that the map should be relied upon for a description of the lot. Indeed, this was unnecessary. The parties located the property purchased on the ground and the contract described it by lot, tract, etc. Upon trial, it only remained to establish by parol that this description was of the parcel thus identified upon the ground. It is urged that such evidence was inadmissible.

[5]  Of the cases cited by appellants in support of this contention, the one most nearly in point is *Craig* v. *Zelian,* 137 Cal. 105 [69 Pac. 853]. But this action is clearly distinguishable from the one now before us for decision. In the former case, the opinion states that the land was not ''in any mode designated on the ground.'' The only means of identifying the particular land attempted to be sold was by map. The court said: ''Parol evidence may be resorted to for the purpose of identifying the description contained in the writing with the location upon the ground.'' Such evidence was introduced and relied upon by the court in the instant case with the result that after first finding that the land described as lot 5 is the same as that shown upon the map agreed to be later recorded and which was recorded, the court further found, ''The same lot, piece and parcel of land agreed to be sold by plaintiff to defendants in and by said contract hereinbefore referred to is the identical lot and piece of property which said defendants understood they were buying and agreed to buy in and by said contract.'' This finding must be accepted as true. On the face of the written agreement there is no uncertainty in the description of the land. Both the vendor and the vendee identified the property on the ground and the evidence shows that they both understood that the descrip-

tion in the contract was of the piece of land thus identified. Evidence may always be used to apply the description given in the contract or deed to the subject matter. (*Carr* v. *Howell,* 154 Cal. 372 [97 Pac. 885]; *Towle* v. *Carmelo Land & Coal Co.,* 99 Cal. 397 [33 Pac. 1126]; *Preble* v. *Abrahams,* 88 Cal. 245 [22 Am. St. Rep. 301, 26 Pac. 99]; *Marriner* v. *Dennison,* 78 Cal. 202 [20 Pac. 386].) And if the contract read in the light of such extrinsic evidence clearly designates what land the parties intended, the description is sufficiently certain. (*Towle* v. *Carmelo Land & Coal Co., supra.*) Other authorities cited by appellants upon this point are *Hines* v. *Copeland,* 23 Cal. App. 36 [136 Pac. 728]; *Willmon* v. *Peck,* 5 Cal. App. 665 [91 Pac. 164]. In the latter case a complete description was contained in the contract and the court merely held that parol evidence could not be admitted to change it and show that the contract was intended to describe a different parcel. In *Hines* v. *Copeland, supra,* the contract made no attempt at describing the property. Neither of these cases are in point.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.