[Civ. No. 3747.  Third Appellate District.—April 10, 1929.]

PACIFIC FINANCE CORPORATION, a Corporation, Appellant, v. ACCARDO ROFFALLI et al., Respondents.

Charles X. Arnold, Clyde E. Grafton, John L. Rush and Overton, Lyman & Plumb for Appellant.

A. C. Maloney and Charles Bagg for Respondents.

FINCH, P. J.—The complaint alleges that on February 27, 1925, Robert Barr, Inc., being the owner of a truck, sold and delivered it to defendant Accardo Roffalli, who will be referred to as the defendant, on a conditional sale contract for $895.03, of which the sum of $230 was paid in cash, the balance to be paid as follows: $52.80 on the 27th of each of the months of March, April and May, 1925, and $33.71 on the 27th of every month thereafter until the whole amount of the contract price was paid; that Robert Barr, Inc., on the day the contract was executed, assigned and transferred to the plaintiff, the contract and the seller's interest in the truck; "that there is now due and unpaid the sum of $33.71 on the payment, which by the terms of the said contract became due and payable on the 27th day of February, 1925, nor have any of the instalments subsequently becoming due been paid." The other allegations of the complaint are such as are appropriate in an action for the recovery of personal property. The prayer is for the recovery of the truck or its value if delivery thereof cannot be had. The complaint was filed April 13, 1926.

During the trial the plaintiff asked permission to amend the complaint by substituting March 27, 1926, for February 27, 1925, as the date of the defendant's default in making payment as provided in the contract. The court denied the request. Leave to amend should have been

granted. It is clear that the error sought to be corrected was merely a clerical mistake, because no installment became due on February 27, 1925, the date of the contract. ■ The complaint was sufficient, however, without the proposed amendment. The allegation that none of the installments falling due subsequent to February 27, 1925, had been paid is a sufficient allegation that the installment which became due March 27, 1926, had not been paid. The evidence shows that the defendant made all payments up to and including the one which became due February 27, 1926, but that he failed to pay the one which fell due March 27, 1926.

■ Respondent contends that the evidence fails to show that the assignment of the contract to the plaintiff is valid, because "no corporate seal was attached or affixed nor was there anything to show that Robert Barr seller was an officer of the corporation authorized to execute such an instrument." Robert Barr, who executed the assignment in the name of the assignor, testified that he was the secretary and general manager of Robert Barr, Inc., and that the corporation had a seal, but "we never put the seal on the contracts." The contract and the assignment thereof were admitted in evidence. Authority to execute the assignment was sufficiently shown. (6 Cal. Jur. 1109.) An officer of the plaintiff corporation testified that the plaintiff purchased the contract "from Robert Barr, Incorporated, and has had possession of it continuously since that time."

■ Respondent further contends that he "was not in default in his payment on February 27, 1925," and that "there was no right of possession based on such default." Plaintiff's right of possession, however, as already stated, was shown by the allegation and proof that the payment falling due March 27, 1926, had not been paid.

■ Counsel for defendant, at the close of the evidence offered by plaintiff, made the following motion: "We move the court for an order nonsuiting the plaintiff in this case upon the ground that the evidence does not show any right of recovery."

In response to the motion the court said: "I don't think the complaint has ever stated a cause of action. According to the allegations of the complaint there was nothing due on the 27th, therefore there could be no forfeiture on that date. The motion will be granted."

Judgment of nonsuit was entered accordingly and the plaintiff has appealed. The motion for a nonsuit was insufficient in that it did not show wherein the plaintiff had failed to prove its case. (9 Cal. Jur. 548; *Masero* v. *Bessolo,* 87 Cal. App. 262 [262 Pac. 61]; *Henley* v. *Bursell,* 61 Cal. App. 511 [215 Pac. 114].)  ▋ Further, as stated, the plaintiff proved a sufficient case to support a judgment in its favor, in the absence of evidence to the contrary.  ▋ Insufficiency of a complaint is not a ground for granting a nonsuit. (Code Civ. Proc., sec. 581, subd. 5; *Scott* v. *Sciaroni,* 66 Cal. App. 577, 581 [226 Pac. 827].) Besides, as already indicated, the complaint is sufficient.

The judgment is reversed.

Thompson (R. L.), J., and Plummer, J., concurred.