[Civ. No. 22283.   Second Dist., Div. Three.   Nov. 22, 1957.]

WILLIAM JOSEPH PIERCE et al., Appellants, v. WILLIAM E. CLEVELAND et al., Respondents.

Matranga & Abrams for Appellants.

Anthony & Bereman for Respondents.

SHINN, P. J.—In this action for rescission of a sale of real property, and for other relief, upon the ground of fraud, judgment of nonsuit was for defendants and plaintiffs appeal.

Mr. and Mrs. Pierce owned a residence in Los Angeles County of the value of $10,500 but subject to a trust deed encumbrance of some $8,700.   On September 25, 1954, they

executed a grant deed which contained no description of the property or name of a grantee and delivered the same to William E. Cleveland, who was a real estate broker of their acquaintance. An agreement was signed at that time by Mrs. Pierce and Cleveland as set out in the margin.[1] Although it was agreed that Cleveland would transfer and deliver to the Pierces the note of Mr. and Mrs. Conley to him for $1,200 the Conleys executed another note for $1,200 payable to the Pierces, who accepted it without any guaranty by Cleveland. On December 22, 1954, the Conleys also executed a third trust deed on property they owned, with the Pierces as beneficiaries, to secure payment of the note. Cleveland sold the Pierce property to Mr. and Mrs. Stovall for about $10,000. He inserted their names in the deed he had received from the Pierces. The Conleys made one payment of $20 to the Pierces and defaulted in payments on the prior encumbrances. About four months after the Pierce-Cleveland agreement, when they learned of threatened foreclosure of a prior trust deed, the Pierces gave Cleveland notice of rescission of the transaction with him. They brought this action against Cleveland, his wife and the Stovalls. Upon the trial judgment of nonsuit was granted.

The complaint purported to allege fraud on the part of Cleveland. The allegations differed so widely from the terms of the agreement and from the admitted facts that it is unnecessary to enumerate them. It is apparent that counsel who prepared the complaint had not seen the agreement. There was, however, an allegation that Cleveland falsely represented that the Conleys' credit rating was good. Mrs. Pierce testified that Cleveland assured her that he had checked their credit "clear back east" and that "he would be willing to back it one hundred percent." It is apparent that the Pierces entered into the agreement knowingly but that they

---

[1] "Received from W. E. Cleveland by Lillie M. Pierce, address 2840 N. San Gab. River Pkway, El Monte, note $1200 being part payment on property at trade for a note to W. E. Cleveland by Pete and Joyce Conley note payable $20 per mo. 6%, at price of $_____ payable $_____ cash (including this deposit). Balance payable as follows: Cleveland to assume a loan of ap. 8400.00 payable $60.00 per m. 6% to Mr. and Mrs. Falla. Mr. & Mrs. Pierce to sign a deed to be put in whoever Cleveland sells the property to. Mrs. Pierce to make monthly payments on same until she gives possession. . . .

"Dated this 25 day of Sept. 1954 at El Monte, California.
    W. E. Cleveland, Purchaser
                                        Lillie Mai Pierce"

accepted the Conley note and trust deed in reliance upon their belief that the Conleys could and would pay the note.

The ground of the motion for nonsuit was that "if all the evidence and testimony of plaintiffs were true, it still would not amount to actionable fraud." It is contended by plaintiffs that this was an insufficient specification of the insufficiency of their evidence. They cite *Security Investment Co.* v. *Bartram*, 54 Cal.App. 540 [202 P. 337] and *Pacific Finance Corp.* v. *Roffalli*, 98 Cal.App. 198 [276 P. 1064]. In the first of these cases the motion was on the ground "that plaintiff has wholly failed to prove his case" of which the court said "This statement in no way attracts the attention of counsel and the court to the particular matters relied upon and is insufficient." In the second case the motion was "We move the court for an order nonsuiting the plaintiff in this case upon the ground that the evidence does not show any right of recovery." In each case it was held that the motion was insufficient because it did not point out the particular matters relied upon. Although it is necessary that a party must specify the grounds upon which his motion for nonsuit is based (*Lawless* v. *Calaway*, 24 Cal.2d 81, 94 [147 P.2d 604]) the notice here in question was clearly sufficient to inform plaintiffs of the claimed inadequacy of their evidence.

The gravamen of the action was fraud. On the motion counsel for defendants properly assumed the truth of the testimony of the plaintiffs and gave them notice of the precise ground of the motion, namely, that plaintiffs' evidence was insufficient as a matter of law to prove the charge of fraud. The court did not rule on the motion without listening to the specific reasons why defendants considered the evidence insufficient, and giving plaintiffs' attorneys ample opportunity to discuss the sufficiency of the evidence. In the discussion plaintiffs were fully advised as to the particulars in which the defendants claimed the evidence to be insufficient. In a common sense view of the situation, the wording of the motion and the discussion which immediately followed should be considered together. During the argument the court stated: "You haven't proved they (Conleys) weren't good for it. Just because they haven't paid it doesn't prove at that time they weren't good to pay for it. There is no evidence that you have tried to find them."

Cleveland introduced Mrs. Conley to Mrs. Pierce the day after the agreement was signed and the two women

engaged in extensive conversation. There was no evidence that Mrs. Pierce made any inquiry as to the ability of the Conleys to pay the note. The only evidence with respect to any efforts that were made to contact the Conleys or collect the payments was the testimony of Mr. Pierce "We attempted to locate them one night, but they were not to be found." The mere fact that the Conleys had failed to pay their debts as they fell due, when payment had not been demanded, would not justify a finding that the representation by Cleveland, if made, was false, or not believed by him to be true.

Plaintiffs do not contend in their brief that they produced sufficient evidence to prove the alleged falsity of Cleveland's representation that the credit of the Conleys was good. This was the one important factual issue in the case. In the light of the evidence the court did not err in granting the motion of nonsuit. We may remark, however, that it would have been better practice for defendants to submit the case on the merits. Mr. Cleveland had testified fully under questioning by plaintiffs' counsel, and the facts had been fully developed. It was apparent that the court was prepared to render judgment for defendants if the case should be submitted.

It was alleged in the complaint that the Pierces did not sell the property to Cleveland but merely listed it for sale with him. Mrs. Pierce's testimony was contrary to this allegation, as was the agreement of sale. In spite of this evidence it is contended in the Pierces' brief that Cleveland should account to them for any profit he made as their agent on a resale. The point scarcely deserves mention.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.